**UNITED STATES of America,
Plaintiff,**

v.

**Jerry Lee HUISINGA, Defendant.**

**Crim. No. 68–23.**

United States District Court
E. D. Illinois.

April 28, 1969.

Jeffrey F. Arbetman, Asst. U. S. Atty., East St. Louis, Ill., for the Government; Carl W. Feickert, U. S. Atty., East St. Louis, Ill., of counsel.

Kenneth S. Jacobs, Villa Park, Ill., for defendant.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

Defendant Jerry Lee Huisinga was charged in a one-count indictment with violation of the Universal Military Training Act, by failing to report for employment in civilian work contributing to the maintenance of the national health, safety or interest, and to remain in said employment for twenty-four consecutive months or until such time as he was released or transferred by proper authority, in that he knowingly failed and neglected to carry out the direction of his Local Board to report to said Local Board for assignment to hospital work at the Chicago State Hospital, Chicago, Illinois, thereby violating the pro-

visions of Section 12 of the Act (Title 50 U.S.C.App. § 462).

The cause was tried before the Court without a jury—the jury having been waived by the defendant prior to the commencement of trial.

The cause was heard on January 27, 1969. At the conclusion of the government's case, the defendant elected not to present any evidence, moved for judgment of acquittal and for a directed finding of not guilty. Following the trial, the parties requested and were granted leave to file briefs. Briefs have now been submitted and the cause is presently for consideration.

In support of his motion for judgment of acquittal, defendant sets forth twelve points, namely:

1. That the order to report for civilian work issued in lieu of induction and the balance of the Selective Service file introduced in evidence show that the order was void as not being authorized or by order of the entire Local Board as required by Selective Service Regulation.

2. That the defendant was denied procedural and substantive due process in that he was denied a meaningful physical examination at the time he was processed for civilian work.

3. That the evidence clearly shows that there was no basis in fact for the refusal of the Selective Service Board to properly classify the defendant Jerry Lee Huisinga as IV–D, Minister of Religion.

4. That there is no evidence to show that the defendant, at the time of the issuance of the order to report for civilian work in lieu of induction, would have at said time been available for induction had he not been classified other than I–A.

5. That there is no basis in fact for the failure of the Selective Service Board or the refusal of the Selective Service Board to reopen the classification of defendant and give full and fair consideration to his application for a new classification.

6. That the defendant was denied procedural and substantive due process of law by the arbitrary reclassification from I–S to I–O on October 27, 1967 in the absence of notice to the Board that there had been a change in his status as a "full-time student."

7. That the entire Selective Service file on evidence displays that the registrant was denied procedural and substantive due process of law throughout the efforts to classify him by the Selective Service Board by reason of the manifest prejudice of the Chairman and members of the Board.

8. That the government wholly failed to establish and prove by competent evidence beyond a reasonable doubt every essential element of the offense charged in the indictment and has failed to overcome the presumption of innocence.

9. That the government has failed to establish and prove by competent evidence by a reasonable doubt the existence of the corpus delicti.

10. That the order to report for civilian service in lieu of induction upon its face is in violation of the Thirteenth Amendment of the United States Constitution which provides that "neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

11. That the Selective Service file and specifically those parts thereof objected to at the time of trial were erroneously admitted into evidence.

12. That the Selective Service file, standing by itself, is not sufficient to establish the guilt of Jerry Lee Huisinga beyond a reasonable doubt.

At the trial Norma Booty, Executive Secretary of Local Board No. 181, testified that as such she was custodian of all the records of the registrants of Local Board No. 181. She identified the records of the registrant Jerry Lee Huisinga, which were marked as Government's Exhibits 1 through 40, and testified these records were kept in the ordi-

nary course of business. The records were then offered into evidence—the defendant objecting generally to the entire file and specifically to: Government Exhibit 33, a memorandum dated May 1, 1968, stating, "The above-named registrant did not report to Local Board No. 181."; No. 34, a carbon copy of a letter directed to the Chicago State Hospital; No. 35, a letter of May 2, 1968, purportedly signed by Raymond Gibbs, the field personnel officer of the Chicago State Hospital. The records were admitted into evidence by the Court subject to the objections. The objection to admission of these documents into evidence will be hereinafter discussed.

This witness testified concerning the various government exhibits. She further testified that it was the administrative practice of the Board to issue orders in the manner in which they were issued here, that the Board did not adopt resolutions concerning the issuance of orders.

■ Defendant contends that the Selective Service file and Government Exhibits 33, 34 and 35 are inadmissible. An almost identical question was presented to the United States Circuit Court of Appeals for the Seventh Circuit in United States v. Holmes, 387 F.2d 781. That Court held that comparable exhibits were admissible in the trial court and did not deny the defendant of his constitutional right of confrontation, setting forth in detail the reasons therefor. The facts in Holmes are basically identical to the facts presented here. Defendant's objection to the admission into evidence of the Selective Service file and the specific objections to Government's Exhibits 33, 34 and 35 are without merit, and the Government's Exhibits Nos. 1 through 40, inclusive, are admitted.

The evidence shows: A meeting of the Board was held at the Local Board office on April 1, 1968; the registrant Jerry Lee Huisinga was present as was also the representative of the Illinois State Director and the Clerk of the Local Board; and the registrant (defendant here) was sworn. The purpose of the meeting was explained and the con-

scientious objector work program was outlined; the registrant was given an opportunity to ask questions which he declined to do, stating that he understood and that according to his religion he could not compromise by going along with Selective Service. He was thereafter asked if he would accept civilian work in lieu of induction, which he declined. On April 3, 1968, the Clerk on behalf of the Local Board requested approval of the issuance of an order by the Local Board directing the registrant to perform hospital work at Chicago State Hospital, stating the refusal of the registrant to come to any agreement regarding the type of civilian work he should perform in lieu of induction and further advising that the work was available and considered to be appropriate for the registrant to perform. The Clerk of the Board testified that the order to report for civilian work was issued; that there was nothing unusual about the order; that it was the usual manner in which the Board acted and that it was the ordinary way in which orders of this type were issued.

In Brede v. United States, 400 F.2d 599 (9th Cir., 1968), the United States argued that "a determination that certain work is appropriate constitutes an implied order to report for such work, subject to authorization of the National Director and notice." The Court stated:

"The Government's contention may have merit in an appropriate case. Here, however, the record is silent as to administrative construction and practice, or as to any understanding of the board in such respects from which it might be found that the critical exercise of administrative judgment had been made."

■ In Davis v. United States, 402 F.2d 513 (5th Cir., 1968), the Court under comparable facts as here stated:

"The record satisfies us that the local board fully complied with Section 1660.20(d), and that the critical exercise of administrative judgment was made by the board when it determined, at a meeting at which appellant was

present, that he was qualified to perform rehabilitation work * * *, that such work was available and was offered to him by the board."

Here, as in Davis, the registrant was present at a meeting of the Board; the program was explained to him, which he stated he understood but that he was not willing to accept civilian work. The Court finds that here the exercise of the administrative judgment was made at the time of the meeting when the registrant was present and that, although apparently no official resolution was adopted by the Board, the Board's action constitutes an implied order to report for such work subject to authorization and notice. Authorization was subsequently received and notice sent to the defendant. The Court finds that the Local Board adequately complied with Section 1660.-20(d).

█ Defendant's contention that he was denied procedural and substantive due process in that he was denied a meaningful physical examination at the time he was processed for civilian work is without merit. Defendant was given a physical examination as required at the time he was ordered for preinduction. A second medical examination as is here claimed is not necessary. United States v. Manns, 232 F.2d 709 (7th Cir., 1956).

Defendant argues that the evidence clearly shows there was no basis in fact for the refusal of the Selective Service Board to properly classify Jerry Lee Huisinga as IV–D, Minister of Religion. Defendant asserts that he was ordained as a minister on July 10, 1964.

By letter of January 30, 1968, the registrant wrote the Board that his purpose in writing was to request the reopening of his case and he felt he should be given classification IV–D; he stated:

"In my conversation to the representative of the appeal board, Ivan Sadler, in Danville last year, I told him that as soon as I graduated from Illinois Commercial College I was planning to get a part time job and begin to pioneer, that is put in full time hours in the ministry.

"On January 19, I finished my course at Illinois Commercial College. I am now entering into the full time ministry.

"In my full time ministry I put in 100 hours a month as well as attend five meetings a week and do private study and preparation. I am sure you'll agree that this meets the necessary requirements for a full time minister."

The request for reopening of the classification was considered by the Board on February 7, 1968, and was refused.

█ A registrant may have his application for conscientious objector status considered by the Local Draft Board even after the induction notice is issued, provided he raises his claim promptly after it matures. The Draft Board must reopen the case only if the registrant has made out a prima facie case, based on objective facts, that he is entitled to be reclassified. The Selective Service Regulations require that before a Local Draft Board may reopen the case it must find that there has been a change in status resulting from circumstances over which the registrant has no control, subsequent to issuance of his induction notice. United States v. Sandbank, 403 F.2d 38 (2nd Cir., 1968). A Jehovah's Witness need not devote all his time to the ministry to be entitled to a ministerial exemption and the time spent in secular work may even exceed that of the ministerial work. To qualify for a ministerial exemption it is required that the claimant show regularity of religious activities, a ministerial vocation rather than an avocation, and a recognized standing as a minister to a congregation or leader of a group of lesser members of his faith. Greer v. United States, 378 F.2d 931 (5th Cir., 1967). The qualifications recognized as essential for a ministerial exemption are fully defined in Fitts v. United States, 334 F.2d 416 (5th Cir., 1964). The Court finds the Selective Service Board acted within its authority in refusing to classify the defendant as IV–D. The evidence presented to the Board and to this

Court does not justify a IV–D classification.

Defendant contends that the government did not introduce any evidence to show that he would have been available for induction had he not been classified other than I–A. The government need not establish that the registrant was called in proper order and in sequence as a part of its prima facie case. Lowe v. United States, 389 F.2d 51 (5th Cir., 1968).

The Court is of the view that the better rule, as was stated in United States v. Sandbank, 403 F.2d 38 (2nd Cir., 1968), is to require the registrant to show that the call up was invalid as part of his defense with the right of the government to rebut such evidence. There was no evidence offered by the defendant to show that the action of the Local Board, as concerns the order in which the call was made, was other than regular. In Greer v. United States, 378 F.2d 931 (5th Cir., 1967), it was stated that the Selective Service Regulations referred to do not require such affirmative proof. We must presume, in the absence of any evidence to the contrary, that the Local Board performed its duty in this respect because of the legal presumption of regularity which attaches to such official proceedings. The defendant's contention that there was no basis for the failure of the Selective Service Board or the refusal of the Selective Service Board to reopen the classification on the basis of the January 30, 1968 letter is without merit. In order to justify the Local Draft Board reopening the case, it must find that there has been a change in status resulting from circumstances over which the registrant had no control, subsequent to the issuance of his induction notice, and the Draft Board must reopen the case only if the registrant has made out a prima facie case based on objective facts that he is entitled to be reclassified. United States v. Gearey, 379 F.2d 915 (2nd Cir., 1967). United States v. Sandbank, supra. The evidence is insufficient to show that a change in classification based on the January 30, 1968 letter was required.

Defendant argues that he was denied procedural and substantive due process of law by the arbitrary reclassification from I–S to I–O on October 27, 1967, in the absence of notice to the Selective Service Board that there had been a change in his status as a full time student. The record does not show that the applicant in his appeal at any time pursued the classification of I–S; rather, the evidence in support of his change of status from I–A was based on his conscientious objections and he was granted the I–O status requested.

Defendant also contends he was denied procedural and substantive due process of law throughout the efforts to classify him by the Selective Service Board by reason of the manifest prejudice of the Chairman and members of the Selective Service Board displayed throughout the file.

Under the statute the defendant had the right to and did prosecute an appeal to the Appeal Board. The hearing was de novo. The matter is heard upon the original file of the Local Board, supplemented by such further evidence as the registrant shall offer. The Local Board's refusal to apply the proper tests in reaching its determination is wholly immaterial in view of the Appeal Board's ultimate hearing and classification. The action of the Board of Appeal completely supersedes the action of the Local Board. United States v. Chodorski, 240 F.2d 590 (7th Cir., 1956). Defendant's claim of prejudice of the Local Board, even if true, under the situation presented here, considering the full review accorded him by the Board of Appeal, is without merit.

Defendant's assertions that the government failed to establish and prove by competent evidence beyond a reasonable doubt every essential element of the offense charged in the indictment, has failed to overcome the presumption of innocence and has failed to prove the existence of the corpus deliciti are without merit. The Court finds that the evi-

dence fully established each of the allegations of the indictment.

 Defendant's contention that the order to report for civilian service in lieu of induction is contrary to the Thirteenth Amendment, prohibiting slavery or involuntary servitude, is likewise without merit. See United States v. Holmes, 387 F.2d 781, 784 (7th Cir., 1967).

The Court finds that the defendant's motion for judgment of acquittal should be and the same is hereby denied.

The evidence established and the Court finds that defendant Jerry Lee Huisinga registered with Local Board No. 181; that the Board duly ordered the defendant to report for employment in civilian work contributing to the maintenance of national health, security or interest, and that defendant Jerry Lee Huisinga knowingly failed and neglected to carry out the direction of the Local Board to report to the Board for assignment to hospital work as ordered.

The Court finds that the defendant is guilty as charged in the indictment.

The above and foregoing shall be considered findings of fact and conclusions of law.