Jerry Lee **HUISINGA**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 17749.

United States Court of Appeals,
Seventh Circuit.

Feb. 18, 1970.

———◆———

Kenneth S. Jacobs, Villa Park, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Jeffrey F. Arbetman, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Jerry Lee Huisinga was convicted, after a bench trial, of violating Section 12 of the Universal Military Training and Service Act, 50 U.S.C.A. App. § 462, in that he knowingly failed to carry out the direction of his local draft board to report to said board for assignment to civilian work in lieu of induction. The court imposed a sentence of five years. Defendant appeals from the judgment of conviction and sentence. We reverse.

Defendant registered with the Selective Service System on February 11, 1966, at Local Board 181, Monticello, Illinois. On a Classification Questionnaire filed March 16, 1966, defendant indicated that he had been ordained a minister on July 10, 1964, but that he was

still a full-time high school student and part-time farm worker. He also described himself as a conscientious objector. On April 4, 1966, he was classified I-S.

Defendant was graduated from high school on June 3, 1966, and three days later became a full-time student at the Illinois Commercial College. He promptly notified his Local Board of his new status. On July 20, 1966, his Board reclassified him I-A. Defendant appealed this reclassification to the state Appeal Board. The chairman of his Local Board transmitted his Selective Service file to the Appeal Board with the following letter:

"TO THE MEMBERS OF THE APPEAL BOARD:

"To summarize this registrants present status, we have inducted one boy out of this family and having known these people my entire life I can't yet figure out why that this one should claim a C.O. Classification. We never deny any registrant his rights and his beliefs but feel from the family background that possibly this is influenced from the family.

"No one in this large family served in the armed forces in World War II, but as stated we finally inducted one. These people are extensive land owners in Piatt County and if anybody should serve their country it should be somebody from this family.

"As you know a Jehovah's Witness refuses to take orders from anybody and are the hardest registrants that we have to deal with in the C. O. Classifications, so we would like for you to go along with us as far as you can and still be within his rights.

"Very truly yours,
MEMBERS OF LOCAL BOARD
NO. 181
/s/ Joe V. Bennett, Chairman"

On October 27, 1967, the Appeal Board reclassified defendant I-O, conscientious objector. The Local Board then began to process defendant for a Civilian Work Order in Lieu of Induction.

On January 30, 1968, defendant sent a letter with several attachments to his Local Board requesting it to reopen his case. The letter recites that defendant had finished his course at the Illinois Commercial College and was now entering the full-time ministry which would require him to devote a minimum of one hundred hours per month to it, in addition to time spent in attending meetings of his congregation, conducting private study and preparing for his ministry. He attached affidavits offering proof of his ministry. The Government does not deny that defendant did, in fact, enter into the full-time "pioneer" ministry of the Jehovah's Witnesses on February 1, 1968. Nor does it dispute that such ministry has continued to the present and that defendant has held no secular employment since February 1, 1968.

On February 7, 1968, Local Board 181 met and the minutes indicate "no action taken" on defendant's request to reopen. In due course defendant was issued an Order to Report for Civilian Work. The indictment under which defendant was found guilty charges that he knowingly failed and neglected to comply with this Order.

■ Defendant urged twelve separate points in support of his motion for acquittal in the trial court. He presses six of such points on this appeal. In view of our disposition, we find it necessary to deal with only one of these and express no judgment concerning the others.[1]

Defendant asserts that his letter of January 30, 1968, requesting a reopening of his case, together with the attached affidavits, made out a *prima facie*

---

1. The Government contends that we should not reach the merits of this appeal. It asserts that defendant did not exhaust his administrative remedies and thus cannot defend this criminal prosecution on the basis of the invalidity of his classification. This contention is without merit. Defendant has exhausted all his administrative remedies. Daniels v. United States, 9 Cir., 372 F.2d 407 (1967) and cases cited therein.

case that he was a full-time minister. He further contends there was no basis in fact for the refusal of the Board to reopen his case for consideration of his application for the IV-D ministerial classification.

In relevant part, the Selective Service Regulations, 32 CFR § 1625.2, provide: "The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant \* \* \* if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification \* \* \*." [2] Section 1625.11, 32 CFR, provides that when a classification is reopened, the Local Board "shall again classify the registrant in the same manner as if he had never before been classified."

■■■ We have held that under these sections "if a registrant makes a prima facie showing of right to a new classification [in requesting a reopening], the board cannot refuse to give it to him unless it has at least a basis in fact for that refusal. \* \* \* The local board should not be able to escape the requirement of a basis in fact by simply refusing to reopen a registrant's file and consider it further." United States v. Ransom, 7 Cir., 223 F.2d 15, 17 (1955).

■ In the instant case, we think it is clear beyond dispute that the defendant made out a *prima facie* case that he was entitled to be reclassified IV-D.

The Selective Service Regulations, 32 CFR § 1622.43, provide in relevant part:

"(a) In Class IV-D shall be placed any registrant:

(1) Who is a regular minister of religion;

(2) Who is a duly ordained minister of religion;

\* \* \* \* \* \*

"(b) Section 16 of title I of the Military Selective Service Act of 1967, contains in part the following provisions:

Sec. 16. When used in this title— \* \* \*

(g) (1) the term 'duly ordained minister of religion' means a person who has been ordained, in accordance with the ceremonial, ritual, or discipline of a church, religious sect, or organization established on the basis of a community of faith and belief, doctrines and practices of a religious character, to preach and to teach the doctrines of such church, sect, or organization and to administer the rites and ceremonies thereof in public worship, and who as his regular and customary vocation preaches and teaches the principles of religion and administers the ordinances of public worship as embodied in the creed of principles of such church, sect, or organization.

(2) The term 'regular minister of religion' means one who as his customary vocation preaches and teaches the principles of religion of a church, a religious sect, or organization of which he is a member,

---

2. The following *proviso* is added to 32 CFR § 1625.2:

"\* \* \* the classification of a registrant shall not be reopened after the local board has mailed to such registrant \* \* \* an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

The district court apparently deemed this *proviso* relevant to the instant case. 300 F.Supp. 204, 208, 209. However, defendant's Selective Service file clearly shows that his SSS Form No. 153 was not mailed until April 19, 1968. Defendant's request to reopen was received by the Local Board on February 2, 1968, and acted upon by it on February 7, 1968. Thus we conclude that the *proviso* in § 1625.2, *supra*, has no relevance in the instant case.

without having been formally ordained as a minister of religion, and who is recognized by such church, sect, or organization as a regular minister."

In his letter of January 30, 1968, defendant submitted the new information that he was no longer only a part-time minister and part-time student, but was now entering upon the full-time ministry. He had previously informed his Board that he was duly ordained as a minister of the Jehovah Witnesses faith.

Courts have long struggled to draw the line between full- and part-time ministers in cases where a registrant engages in some secular employment in addition to his ministry. *See* United States v. Kushmer, 7 Cir., 365 F.2d 153, 1 A.L.R. Fed. 602 (1966) and the annotation, "Part-Time Religious Activity as Giving Rise to Minister of Religion Status Entitling to Exemption Under § 6(g) of the Universal Military Training and Service Act (50 USC § 456(g))," 1 A.L.R. Fed. 607 (1969). But we face no such task in the instant case. Here the undisputed facts show defendant engaged in no secular employment but devoted himself entirely to his ministry and spent a substantial number of hours in that occupation each month. This was "his regular and customary vocation" as required by the regulations. It was his only occupation. We conclude that the defendant made the required *prima facie* showing of entitlement to the IV-D classification and that his Local Board should have reopened his classification unless it had some basis in fact for declining to do so.[3]

We find no such basis in the record before us. There is nothing to indicate that this defendant was not being entirely truthful with his Board. Nor did defendant show any lack of sincerity concerning his ministry. He presented affidavits testifying to his sincerity and his long history of faithful work in his church. There is no evidence in his Selective Service file that could give the Local Board any reason to doubt the information submitted by defendant. We conclude it had no basis in fact for refusing to reopen and reconsider defendant's classification in light of the additional facts submitted in his letter of January 30, 1968.

The judgment of conviction and sentence is reversed.

Reversed.

---

3. *Cf.*, U. S. v. Hasmuk, 7 Cir., 1970, 419 F.2d 929, wherein it clearly appears that defendant Hasmuk did *not* make the required *prima facie* showing of entitlement."