**Marvin Irving TAMARKIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17202.**

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1958.

Rehearing Denied Dec. 17, 1958.

Leonard Edward Abel, Miami Beach, Fla., for appellant.

James L. Guilmartin, U. S. Atty., Lavinia L. Redd, Asst. U. S. Atty., Miami, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal from a conviction of violation of the Universal Military Training & Service Act, as amended, 50 U.S.C.A. Appendix, § 462, presents two questions for our consideration: Did the trial court err in not finding appellant a proper subject for classification as a conscientious objector as described in the Act, and was the conviction of appellant void because of a failure of the draft board to grant him a twenty-one day waiting period before induction after his last notice of IA classification?

As to the first question raised on appeal, the Supreme Court has defined the scope of the Court's review of the draft board's classification determinations. The Court said: "It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. Dickinson v. United States, 1953, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132. The classification can be overturned only if it has 'no basis in fact.' Estep v. United States, 1946, 327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567." Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 395, 99 L.Ed. 428.

■ We have carefully read the record before the draft board upon which alone the trial below must be based, and we conclude that evidence submitted by appellant himself in his initial written statement to the board furnished a basis in fact for the board's decision that appellant's beliefs in vegetarianism represented "essentially political, sociological, or philosophical views, or a mere personal moral code," as distinguished from "belief in a relation to a Supreme Being involving duties superior to those arising from any human relation." 50 U.S.C.A. Appendix, § 456(j).

■ Appellant's second contention arises in the following manner: On April 13, 1954, appellant was classified IA. He was duly ordered to report for induction after having been furnished with a certificate of acceptability (D.D. Form No. 62) after his pre-induction physical examination more than 21 days before the date fixed for his induction. He reported but refused to submit to induction. He was reported as delinquent, and prosecution for violation of Selective Service System regulations was recommended. On September 19, 1955, the United States Attorney declined to prosecute on the ground that procedural due process of law had been denied the appellant when he was not given a fair resume of the investigation of his background as made by the F.B.I. Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467. On October 20, 1955, without further action by appellant or hearing before the board, appellant was notified again of his IA classification and given an opportunity to appeal to the board for a reopening or rehearing as to his status. He applied for such rehearing within the proper time, and the rehearing was denied by the board on January 12, 1956, the board stating "the board declined to reopen your classification and therefore your file will be forwarded immediately to the appeal board." Thereafter, following the appeal board procedure, which finally resulted in a refusal to change the classification, the local board notified appellant on July 6, 1956, of the appeal board's action and also sent him an order to report for induction on July 23, 1956. On July 26, 1956, the appellant would have become twenty-six years of age, and, therefore, under existing regulations of the Selective Service, ineligible for the draft. Appellant reported for induction but refused to submit to induction.

Appellant claims that upon the final notice to him of the adherence by the local board to its IA classification, he was thereafter entitled to a pre-induction physical examination and twenty-one days' delay. This contention is predicated on the provisions of Section 1625.-11 of the Selective Service Regulations,

32 C.F.R. 1625.11,[1] and Section 1631.7, 32 C.F.R. 1631.7.[2]

Appellant contends that notwithstanding his having received a certificate of acceptability and his pre-induction physical examination at least 21 days before the date fixed for his earlier induction order, and thus, of course, much more than twenty-one days before the date fixed by the induction order of July 6, 1956, he was nevertheless entitled again to such pre-induction physical examination and twenty-one days' delay after the termination of the appeal procedure which has been recited above.

Appellant cites no authority for the proposition that a failure to provide the second physical examination and the twenty-one day delay would so materially affect the rights of a selectee as to nullify an order of induction, even though it be assumed that the regulations require such proceedings. We need not decide this point, however, because reference to the regulations themselves compels the conclusion that the local board did not "reopen the registrant's classification" and it did not "again classify the regis-

trant," which alone would bring to bear the provisions of 1631.7, upon which appellant so strongly relies. Section 1625.-2[3] provides the circumstances under which a registrant's classification may be reopened and considered anew. The record of the board, which is here before us, clearly shows that neither "upon the written request of the registrant," nor "upon its own motion" did the local board reopen Tamarkin's classification anew at the time it sent him the notice on October 20, 1955, from which he subsequently appealed. In fact he later requested the board to reopen his classification and this request was denied by the board's letter of January 12th, in which it stated "the board declined to reopen your classification." Thus there has been no reopening by the Board as contemplated under Section 1625.11, and therefore the rights that would have accrued to Tamarkin if there had been a reopening and reclassification did not arise.

The error underlying appellant's argument on this branch of the case lies in his assumption that the notification sent him by the board on October 20, 1956,

1. "1625.11 Classification considered anew when reopened. When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified. Such classification shall be and have the effect of a new and original classification even though the registrant is again placed in the class that he was in before his classification was reopened."

2. "1631.7 Action by local board upon receipt of call. Each local board, upon receiving Notice of Call on Local Board (SSS Form #201) from the State Director of Selective Service for a specified number of men shall select and order to report for induction the number of men required to fill the call from among its registrants who have been classified in Class 1–A and Class 1–A–O and have been found acceptable for service in the armed forces and to whom the local board has mailed a certificate of Acceptability (DD Form #62) at least 21 days before the date fixed for induction: * * *"

3. "1625.2 When registrant's classification may be reopened and considered anew. The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

amounted to a reopening and reclassification in the sense in which the terms are used in Section 1625.11.

Concluding, therefore, that there is no merit in the contention that the board's decision lacked a "basis in fact" and that no procedural rights of appellant were denied him, we affirm the judgment of the trial court.