**Leon Herbert GREER, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24216.

United States Court of Appeals Fifth Circuit.

June 19, 1967.

Victor V. Blackwell, Covington, La., for appellant.

E. Grady Jolly, Jr., Asst. U. S. Atty., H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

AINSWORTH, Circuit Judge:

Appellant, a Jehovah's Witness, was convicted of violating 50 U.S.C.A. § 462 Appendix, for failing to report for civilian work as required by the Universal Military Training and Service Act relative to I–O classified registrants (conscientious objectors).

Appellant's principal defense is that his local draft board refused to grant him a IV–D classification (ministerial exemption).

Although appellant performed sporadic work in the ministerial field, the record shows that he was not entitled to a ministerial exemption because of the irregular nature of his ministry. His religious activities consisted of accepting appointments as a "vacation pioneer" for one month in 1963, three months in 1964, and approximately five months in 1965. These appointments required that he devote one hundred hours a month to ministerial work. The record reflects that he was aspiring to become a "regular pioneer." However, defendant failed to meet the required standards and was so informed by the Watchtower Bible and Tract Society. He candidly admitted

that he was rejected as a "regular pioneer" because of his lack of diligence. When not serving as a "vacation pioneer," appellant devoted approximately twenty to twenty-five hours a month to different phases of the ministeral work.

The applicable law with respect to the type of exemption sought by appellant is contained in 32 C.F.R. § 1622, which permits such classification to a registrant "(1) who is a regular minister of religion; (2) who is a duly ordained minister of religion." These terms are defined in 50 U.S.C.A. § 466(g) (1) and (2). The key word for establishing the criteria for such an exemption in this subsection is "regular." Subsection (g) (3) of the statute specifically excludes "a person who irregularly or incidentally preaches and teaches the principles of religion * * *."

█ We are fully cognizant that a Jehovah's Witness need not devote all of his time to the ministry to be entitled to a ministerial exemption and that the time spent in secular work may even exceed that of the ministerial work. Wiggins v. United States, 5 Cir., 1958, 261 F.2d 113. However, the test under *Wiggins* is whether a registrant "as a vocation, regularly, not occasionally, . * * * teaches and preaches the principles of his religion." The qualifications recognized as essential for a ministerial exemption are more fully defined in Fitts v. United States, 5 Cir., 1964, 334 F.2d 416, and require *regularity* of religious activities, a ministerial vocation rather than an avocation, and a recognized standing as a minister to a congregation or leader of a group of lesser members of his faith. Appellant's religious activities fall short of both the statutory and the case law requirements for such an exemption. See Wood v. United States, 5 Cir., 1967, 373 F.2d 894.

██ By supplemental memorandum counsel for defendant has cited the case of United States of America v. Franklin Howard Rhodes, Criminal No. 41,112, United States District Court, Northern District of California (an unreported decision), to the effect that a registrant who is to perform civilian work in lieu of being inducted must be called up in sequence, that is, that "such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O" (32 C.F.R. 1660.20(c)). Appellant argues that the government has failed to make affirmative proof of this essential element of its case. The Selective Service Regulations referred to do not require such affirmative proof. We must presume in the absence of any evidence to the contrary that the local board performed its duty in this respect because of the legal presumption of regularity which attaches to such official proceedings. See Wells v. United States, 5 Cir., 1946, 158 F.2d 932, cert. den. 330 U.S. 827, 67 S.Ct. 867, 91 L.Ed. 1267. Furthermore, no such objection was made to the board nor in the lower court. The additional cases called to our attention by appellant are inapposite, having no relation to Section 1660.20 of the Code of Federal Regulations.

█ The local board conformed with the regulations in making its decision. This decision must be sustained if there is *any basis in fact* for the classification. See Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Tamarkin v. United States, 5 Cir., 1958, 260 F.2d 436, cert. den. 359 U.S. 925, 79 S.Ct. 607, 3 L.Ed.2d 628. The record shows not only adequate evidence upon which the board predicated its decision, but that numerous delays, great leniency and assistance were afforded appellant by the board in its attempt to help him establish his claimed ministerial exemption.

We have carefully considered the other contentions of appellant and find them without merit. Defendant was properly classified as a conscientious objector and failed to report as ordered. The judgment of conviction is, therefore,

Affirmed.