Melburn Lewis FOSTER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24681.

United States Court of Appeals
Fifth Circuit.

Oct. 19, 1967.

John R. Calhoun, Savannah, Ga., Gerald S. Mullis, Macon, Ga., for appellant.

Sampson Culpepper, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Melburn Lewis Foster, a member of the religious sect known as Jehovah's Witnesses, was convicted on November 10, 1966 of a violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462, for failing to report on May 25, 1966 to his local draft board for assignment to civilian employment for two years (as a conscientious objector) at the Delaware State Hospital. The case was tried by the court without a jury (jury trial having been waived), on the termination of which detailed written findings of fact and conclusions of law were filed by the district judge and a verdict of guilty as charged was rendered.

Foster registered with his local board in October 1963, listing his occupation as student in high school, part time after school—sand floors, and claimed exemption at that time as a conscientious objector. Thereafter, in November 1963, he completed the Selective Service Form for Conscientious Objector listing his occupation as "full time student." However, the local board classified him 1-A and he appealed to the Appeals Board which granted him a 1-O conscientious objector classification on September 17, 1965. He was so notified.

Appellant's defense is that he was unlawfully denied a 4-D ministerial exemption classification. Admittedly he received notice by mail to report at 8:30 a. m. on May 25, 1966 to his local board for civilian employment and failed to do so. On April 21, 1966, he was appointed a vacation pioneer minister of the Watchtower Society, as a magazine territory servant, the appointment to expire on May 31, 1966. He graduated from high school in June 1966. The FBI filed its complaint against him on June 28, 1966 for not having reported as ordered, and on June 29, 1966, he waived hearing before the United States Commissioner. Thereafter, on July 27, 1966, nearly two months after he was ordered to report to his local board for assignment to civilian employment, and almost a month after his arrest on the present charge, the board received a letter postmarked July 23, 1966 in which the defendant gave notice that he had now been enrolled as a regular pioneer by the Watchtower Society which he said called for an immediate 4-D classification as a minister of religion.

When the defendant was present at a local board meeting on March 30, 1966 and was then advised by the board that a civilian job as a conscientious objector in lieu of military induction had been found for him, he said his conscience would not allow him to accept any job and he signed a written statement and left it with the board on that date in which he declined to accept civilian employment in lieu of military service.

█ We agree with the district court's verdict of guilty and that the defendant failed to establish before the local board that he was entitled to the 4-D ministerial classification. At all times material to this case, defendant was a full-time high school student, which was his primary occupation, and he had other jobs including working for Century Metal Craft Corporation and working in a produce stand three nights a week. Regularity of religious activities is necessary to establish that his ministry is a vocation rather than an avocation. Greer v. United States, 5 Cir., 1967, 378 F.2d 931; Wood v. United States, 5 Cir., 1967, 373 F.2d 894; Wiggins v. United States, 5 Cir., 1958, 261 F.2d 113.

█ The scope of review in Selective Service cases is limited for decisions of local boards are final under the Act (50 U.S.C. App. § 460(b) (3)). Such finality means that Congress chose not to give administrative action under the Act the customary scope of judicial review; that courts are not to weigh the evidence to determine whether the classification made was justified; and that the decision of the boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the board is reached only if there is no basis in fact for the classification which the registrant received. See Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Local boards are given great leeway in hearing and considering a variety of material as evidence, and if the facts are disputed, the board bears the ultimate responsibility for resolving the conflict. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

We find that there was ample evidence and basis in fact to sustain the conviction and that the case against the defendant was fully made out by his violation of the Act in failing to report to the board on May 25, 1966, as directed. We do not believe that the record will sustain a finding, as contended for by defendant, that the secretary of the board excused defendant from appearing at that time, and the district judge so held in a specific finding. The evidence clearly establishes that defendant understood that he was to report on the appointed date and did not do so.

Affirmed.