Joseph Stephen LOWE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24814.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1968.

Irvin Meyers, Thomas R. Mooney, Orlando, Fla., for appellant.

Kendell W. Wherry, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,[*] Circuit Judges.

WRIGHT, Circuit Judge:

Appellant registered with Selective Service Board No. 102, Orlando, Florida, on February 25, 1964, and on April 23, 1964, was classified as a conscientious objector. He was subsequently found to be physically acceptable for military service, and on June 24, 1966, was ordered to report on June 28 to his local board for assignment to civilian work for two years as a Mechanic Ranger, Florida Board of Forestry, Withlacoochee State Forest, Brooksville, Florida. Appellant did not report as ordered. He was thereafter indicted for and convicted of failing to report to Local Board No. 102, Orlando, pursuant to board orders, and failing to report for civilian work in lieu of induction into the armed forces, in violation of Sections 456(j) and 462(a), Title 50, Appendix, United States Code. Appellant makes two points on appeal. He argues that the District Court erred in receiving in evidence certain exhibits from his Selective Service file, and that he was denied procedural due process because the Government did not prove that he was called for duty in proper order and sequence.[1] We do not agree.

---

[*] Of the District of Columbia Circuit, sitting by designation.

[1.] The issue that the Selective Service Board acted beyond its authority in ordering appellant to report for civilian work in lieu of induction was not raised below, nor is it raised here. Compare United States v. Lybrand, E.D.N.Y., December 12, 1967, 279 F.Supp. 74.

**52**

Appellant claims that the documents were not properly authenticated since Colonel Tully, the only witness called to provide the proper predicate, was not the official custodian of the records. Rule 44(a) and (b), Federal Rules of Civil Procedure, made applicable to criminal proceedings by Rule 27, Federal Rules of Criminal Procedure, sets out the traditional procedure for authenticating official government records. Subsection (c), however, states: "This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law." Section 1606.35(a) of the Code of Federal Regulations, Title 32, provides:

"In the prosecution of a registrant or any other person for a violation of the Universal Military Training and Service Act, as amended, the Selective Service Regulations, any orders or directions made pursuant to such act or regulations, or for perjury, all records of the registrant shall be produced in response to the subpena or summons of the court in which such production or proceeding is pending. Any officer or employee of the Selective Service System who produces the records of a registrant in court shall be considered the custodian of such records for the purpose of this section."

Colonel Tully, the Deputy State Director, Selective Service System, testified at trial that he brought the records with him and that under the Selective Service regulations he was the custodian of those records.[2] Therefore a proper basis was laid for admitting the documents in question. See Pardo v. United States, 5 Cir., 369 F.2d 922, 925 (1966).

Appellant relies on the unreported case of United States v. Rhodes, N. D.Calif., Crim. No. 41112, January 26, 1967, for his second contention, that is, that the Government has the burden of proving that appellant was called for duty in the proper order and sequence and not prior to the time he would have been ordered to report if he had not been classified in Class I-0. In Greer v. United States, 5 Cir., 378 F.2d 931 (1967), this court specifically refused to follow *Rhodes*. In holding that the Government need not establish that the registrant was called in proper order and sequence, we stated:

"* * * The Selective Service Regulations referred to do not require such affirmative proof. We must presume in the absence of any evidence to the contrary that the local board performed its duty in this respect because of the legal presumption of regularity which attaches to such official proceedings. * * *" 378 F.2d at 933.

Accordingly, appellant's conviction is affirmed.

---

2. See pp. 93–94 of the transcript:

Q. Colonel, do you have the Selective Service file of the Defendant, Joseph Stephen Lowe with you today?
A. Yes, I do.
Q. Is that the official record of the Defendant, Joseph Stephen Lowe, that is, the original record?
A. Yes, it is.

Q. Is that record the one that is maintained in the usual and ordinary course of business in the Selective Service System?
A. Yes, it is.
Q. Are you the custodian of that record for purposes of presentation at this trial?
A. Yes, I am.