**Cecil Ray LITTLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 153–68.**

United States Court of Appeals
Tenth Circuit.

May 6, 1969.

Albert R. Matthews, of Bonds, Matthews & Mason, Muskogee, Okl., for appellant.

William J. Settle, Asst. U. S. Atty. (Bruce Green, U. S. Atty., with him on the brief), Muskogee, Okl., for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

The appellant Cecil Ray Little was indicted for willfully and knowingly fail-

ing to report for and submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462. He was tried to a jury, found guilty, and sentenced by the court to a five year prison term, the maximum penalty provided by law for violation of the statute under which he was charged and convicted.

On appeal, Little asserts that the Government's failure to prove the essential elements of the crime with which he was charged requires reversal of his conviction. Specifically, he contends that the prosecution failed to show (1) that the order to report for induction had been issued by his local draft board in a proper order of call and (2) that the order to report was a valid order of the board.

He further claims that, under the facts of this case, the imposition upon him of the maximum sentence provided by law constitutes unreasonable punishment and an abuse of the trial court's discretion. He argues that, if it is found that the prosecution proved the necessary essential elements of the crime of which he stands convicted, his cause should nevertheless be remanded to the trial court with instructions that his sentence be reduced in accordance with the facts as shown at trial.

A classification questionnaire was first sent to Little in August of 1966. He filled out and returned the form to the clerk of his draft board, signifying thereon that he wished to claim exempted status as a conscientious objector.

Upon receipt of the classification questionnaire, the draft board clerk sent to Little the special form, SSS Form 150, upon which could be claimed conscientious objector status. This form Little filled out and returned.

In October of 1966, his entire file was presented to a regular meeting of the draft board members, at which time he was classified 1–A. No appeal was taken from this classification.

The draft board was informed in July of 1967 that appellant was married and expecting a child. The board reclassi-fied Little 3–A, and he retained this classification until October of 1967, when the board received information that his newly-born child had died.

Shortly thereafter Little was mailed a current information questionnaire, and, in early November, he was ordered to report for a physical examination. He was reclassified 1–A and declared qualified for induction into the armed forces.

In December of 1967, appellant was notified that he must report for induction on January 3, 1968.

On January 2, 1968, one day before the date set for his induction, appellant appeared at the draft board office and announced that his religious beliefs precluded service by him in the armed forces and that he would not report for induction on the following day. A written statement to that effect was taken from him, and this prosecution was subsequently instituted.

At trial the Government called as its only witness the clerk of appellant's draft board. She testified to the chronology of events set forth above and as revealed by appellant's selective service file. The file itself was introduced into evidence without either an objection or any attempt by the defense upon cross-examination to challenge the validity of its contents, including that of the board's order to appellant to report for induction or the regular order of his call up.

Despite his failure to raise it at trial, appellant now contends that, before he could properly be convicted for failure to report for and submit to induction, it was incumbent upon the Government to prove that the board's induction order was valid and issued in the proper call up sequence. In essence, his argument is that where, as here, no evidence other than the order itself is offered, the offense is not established.

In support of his position, appellant relies on Keene v. United States, 266 F. 2d 378 (10th Cir. 1959); Franks v. United States, 216 F.2d 266 (9th Cir.

1954) ; and United States v. Lybrand, 279 F.Supp. 74 (D.N.Y. 1967).

In the *Franks* and the *Lybrand* decisions it is asserted that the prosecution should have the burden of offering affirmative evidence on the validity of the order of call up and the order to submit for induction. Particularly in *Lybrand* is the application of the presumption of regularity and validity that is said to attend such official proceedings challenged.

The rule of *Lybrand*, however, was vigorously criticized in United States v. Sandbank, 403 F.2d 38 (2d Cir. 1968), wherein the court held that the better rule was to require the registrant to show invalidity and irregularity as a part of his defense with the right of the prosecution to rebut such evidence.

The holding in *Sandbank* accords with the rule in this jurisdiction, where the official acts of a lawfully established draft board with jurisdiction of the person are prima facie valid until dissipated by some probative evidence to the contrary. Keene v. United States, *supra*. No such evidence was offered by the defense at trial. Thus, the decision in *Keene*, contrary to the appellant's belief, offers no support to his position and, indeed, directly controverts it.

Appellant's second contention is that the imposition upon him of the maximum sentence of five years constitutes both cruel and unreasonable punishment and an abuse of the trial court's discretion. He points to the fact that his failure to report was based solely upon sincere religious beliefs. Suffice it to say that the imposition of sentence is entirely within the trial court's purview and, as long as it does not exceed the maximum penalty allowed by the statute, is neither unreasonable nor an abuse of the court's discretion. Genet v. United States, 375 F.2d 960 (10th Cir. 1967) ; United States v. Wade, 364 F.2d 931 (6th Cir. 1966).

It is concluded that neither a reversal of appellant's conviction nor a remand for reduction of the sentence imposed upon him is warranted.

Affirmed.