UNITED STATES of America,
Plaintiff-Appellee,

v.

O. C. Lee ROBIN, Jr., Defendant-Appellant.

No. 28022
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1969.

John C. Butler, Houston, Tex., for appellant.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

 This is an appeal from a jury verdict and judgment of conviction for failing and refusing to perform civilian work in violation of the Universal Military Training and Service Act, Title 50, United States Code Appendix, Sections 456(j) and 462(a).[1]

Before proceeding to trial on the merits the District Court held a preliminary hearing to determine whether there was

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].

any basis in fact for appellant's reclassification from ministerial to conscientious objector, and found that appellant failed to establish to the board a prima facie right to a ministerial exemption. A jury trial was then held and appellant was found guilty and sentenced to three years imprisonment with eligibility for parole at such time as the Board of Parole may determine.

Appellant seeks reversal upon the ground that he was entitled to retain his ministerial exemption in lieu of the conscientious objector reclassification. We affirm the conviction below.

Three specifications of error are raised by appellant. First, it is urged that the local draft board had no authority to reclassify appellant from ministerial to a conscientious objector classification. Second, appellant contends that the board did not have sufficient evidence upon which to base the classification change. And third, appellant contends that he was denied due process by the local draft board when it "mistook" a letter, meant as an appeal to the local board to return his ministerial exemption, as an appeal to the Appeal Board, the letter reading in part "* * * I would very much so, like to make an appeal on my last classification."

■ In support of his first point of error, appellant relies upon the case of Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), to establish the proposition that the local board's reliance upon a letter from the Watchtower Bible and Tract Society of New York was insufficient to take away a congressional exemption, hence, the board lacked the authority to make the reclassification. A review of the Oestereich case discloses that appellant's reliance is misplaced. That case involved the issue of preinduction judicial review and punitive reclassification based upon delinquency for failure to have in possession a registration certificate and for failure to provide the local board with notice of local status. The Supreme Court held that

"Once a person registers and qualifies for a statutory exemption, we find no legislative authority to deprive him of that exemption *because of conduct or activities unrelated to the merits of granting or continuing that exemption.*" Supra, at 237, 89 S.Ct. at. 416. (Emphasis added.)

Contrary to appellant's contention, there was no suggestion in the Oestereich case that once a ministerial exemption is granted to a registrant, it will be retained irrespective of the fact that the registrant no longer meets its terms and conditions. In the present case, appellant was reclassified because of his activities relating to the merits of granting or continuing such an exemption. Clearly, the board had authority to reclassify appellant.

■ If, indeed, the local board did rely solely upon the letter from the Watchtower Bible and Tract Society of New York, it was only because appellant failed to furnish the information necessary to the retention of a ministerial exemption [2] either to the local board prior to giving notice of appeal or to the appeal board after giving notice of appeal. It is well settled that

"* * * the registrant bears the burden of clearly establishing his right to the ministerial exemption and the board has no affirmative duty to ascertain whether or not the registrant qualifies for the exemption." McCoy v. United States, 403 F.2d 896, 899–900 (5th Cir., 1968), and cases cited therein.

■ We have carefully considered appellant's last two specifications of error and find them to be without merit. The facts of this case do not take it out of

2. For cases citing the prerequisites for a ministerial exemption, see Wiggins v. United States, 261 F.2d 113 (5th Cir., 1958); Fitts v. United States, 334 F.2d 416 (5th Cir., 1964); Wood v. United States, 373 F.2d 894 (5th Cir., 1967); McCoy v. United States, 403 F.2d 896 (5th Cir., 1968).

the realm of well established precedents,[3] and the record clearly discloses that appellant failed to discharge his burden of establishing a prima facie case for a ministerial exemption.

Bearing in mind that the scope of review of local board decisions is the narrowest known to the law, Clay v. United States, 397 F.2d 901, 915 (5th Cir. 1968), and cases cited therein, this Court looks only to ascertain if there was a basis in fact to support the ultimate classification. We are satisfied that such a basis existed in this case, and the presumption of regularity of the proceedings before the board must stand. The judgment of the court below is

Affirmed.

---

3. See cases cited in footnote 2, as well as Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Greer v. United States, 378 F.2d 931 (5th Cir., 1967); Matyastic v. United States, 5 Cir., 392 F.2d 657; Clay v. United States, 397 F.2d 901 (5th Cir., 1968).