**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Frederick WEERSING, Defendant-Appellant.**

**No. 23055.**

United States Court of Appeals
Ninth Circuit.

Aug. 7, 1969.

Certiorari Denied Dec. 15, 1969.
See 90 S.Ct. 483.

Hugh R. Manes (argued), David B. Finkel, Los Angeles, Cal., for appellant.

John S. Lane (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES, BROWNING, and CARTER, Circuit Judges.

BROWNING, Circuit Judge:

Defendant was convicted of refusing to submit to induction in violation of 50 U.S.C.A. App. § 462. We affirm.

The indictment alleged, in the words of the statute, that defendant "knowingly" refused to be inducted. Defendant contends that failure to allege that he acted "wilfully" renders the indictment materially defective.

■ We held in Graves v. United States, 252 F.2d 878, 882 (9th Cir. 1958), "that the word 'knowingly' in the statute here involved may not be as strong a word as 'wilfully' * * *, but the use of either of these words requires proof of culpable intent. * * * "[1] We did not hold, as defendant suggests, that the word "wilfully" must appear in the charge. On the contrary, although the indictment in Graves alleged that the defendant acted "knowingly," the conviction was reversed only for lack of proof of culpable intent.[2] If, as Graves holds, the word "knowingly," in the statute, necessarily implies wilfulness, it is sufficient for the same purpose in a charge under the statute, absent any suggestion that defendant was misled or prejudiced in any way. United States v. Beatty, 350 F.2d 287 (6th Cir. 1965). Neither of the cases cited by defendant as direct contrary authority so hold.[3]

Defendant contends that the government failed to prove that he was ordered to report for induction by the local board pursuant to its authority, or that he was selected for induction in proper order.

Defendant did not challenge the sufficiency of the evidence in either respect in the trial court.

■ The Courts of Appeals of five circuits have considered whether the government must affirmatively establish as a part of its case-in-chief that the order to the defendant to report for induction was issued in the sequence provided by Selective Service Regulation 32 C.F.R. § 1631.7. While the precise problem presented and the rationale applied differ in the various cases, it is clear that all of these courts would agree that the presumption of regularity of official acts is sufficient to preclude reversal when, as here, the issue of the regularity of the order of call was not raised in the trial court. United States v. Norman, 413 F.2d 789 (6th Cir. 1969); Little v. United States, 409 F.2d 1343 (10th Cir. 1969); United States v. Boroski, 412 F.2d 668 (6th Cir. 1969); Yates v. United States, 404 F.2d 462, 465–466 (1st Cir. 1968), rehearing denied 407 F.2d 50 (1969); United States v. Sandbank, 403 F.2d 38, 40 (2d Cir. 1968); Pique v. United States, 389 F.2d 765 (5th Cir. 1968); Lowe v. United States, 389 F.2d 51, 52 (5th Cir. 1968); Greer v. United States, 378 F.2d 931, 933 (5th Cir. 1967). We see no reason to depart from this unanimity of view.

■ The reasons supporting this position (see particularly Yates v. United States, supra, 404 F.2d at 465–466) apply equally to absence of specific proof that the order to defendant to report for induction was issued or authorized by the local board itself rather than by the board member who signed it. Accordingly, assuming that Selective Service Regulation § 1631.7(a) required action by the whole board in issuing or authorizing the order to report for induction, we hold that lack of proof of specific compliance with this requirement is not a ground for reversal when, as here, the issue was not raised at trial. Little v. United States, supra.[4]

1. See also United States v. Rabb, 394 F.2d 230, 231–232 (3rd Cir. 1968).

2. Defendant does not challenge the sufficiency of the evidence to establish culpable intent.

3. Potter v. United States, 155 U.S. 438, 446, 15 S.Ct. 144, 39 L.Ed. 214 (1894); United States v. Baker, 262 F.Supp. 657, 678 (D.D.C.1966).

4. The record in Brede v. United States, 396 F.2d 155 (9th Cir. 1968), modified 400 F.2d 599 (9th Cir. 1968), discloses that failure of the local board to comply with Selective Service Regulation § 1660.20(d) was raised by motion for judgment of acquittal at the close of the prosecution's case.

■ The defendant requested but was denied deferment as a person "whose employment * * * is * * * necessary to the maintenance of the national health, safety, or interest." 50 U.S.C.App. § 456 (h) (2). He contends that the denial was without basis in fact; and that the local board should have given him notice of his right to have the appeal from its action heard by the appeal board for the area in which he was employed. Neither contention was made in the trial court. Assuming they are properly before us, we hold they are without merit.

Whether or not we would have reached the same conclusion as the board on the merits of defendant's request for occupational deferment, we are satisfied that there was a basis in fact for the board's decision.

To obtain a deferment under section 456(h) (2), the registrant must satisfy the board (1) that he is engaged in activity necessary to the maintenance of the national health, safety, or interest; (2) that he cannot be replaced; and (3) that his removal would cause a material loss of effectiveness in the activity. 32 C.F.R. § 1622.23.

Defendant based his request upon his employment as an assistant planner in the Planning Department of the City of San Diego, specializing in the application of electronic digital computer techniques to city planning. He pointed out that city planning improves the environment of urban dwellers, particularly in housing and transportation, and that a favorable environment enhances their productivity. He noted that San Diego is the site of important naval activities employing many San Diego workers. He offered evidence that there was a scarcity of persons trained in both city planning and electronic data processing, and that this combination of skills was of unusual importance to the effective development of a number of specific programs in the San Diego City Planning Department.

We think the board could properly determine from this showing that the relationship between defendant's employment and the maintenance of national health, safety, and interest was too remote and indirect to justify deferment under section 456(h) (2). The board could conclude that city planning, as such, was no more directly related to the national health, safety, or interest than many if not most other municipal services, and that San Diego's involvement in one aspect of national defense was not materially greater than the involvement of other American cities of equal size in other aspects of the complex and widespread national defense effort.

The record also contained facts to support the conclusion that defendant was not irreplaceable and that his removal would not cause material loss to the effectiveness of city planning in San Diego. The board noted that defendant had been employed in his position for only five months, and that he was one of two persons engaged in research and computer programming in the San Diego Planning Department. Moreover, while defendant's supervisor initially wrote, "We have no one available, nor do we know of anyone, who could replace him in the type of program he is now establishing for us," he later stated, somewhat less sweepingly, that defendant was "one of the relatively few people available to us" with the requisite qualifications.

■ Defendant contends that the board should have advised him of his right to have his appeal submitted to the appeal board for the area in which he was employed, rather than to the appeal board for the area in which his local board was located. 32 C.F.R. § 1626.11(b). The right conferred by section 1626.11(b) is conditioned upon the filing of a written request. No such request was filed until after the appeal had been decided adversely to the defendant. Defendant argues, however, that the circumstances disclosed in this record imposed an obligation upon the local board to transfer the appeal without a written request or to call defendant's attention to the regulation so that he might invoke its provisions.

Defendant lived and worked in San Diego, where there were both local boards and an appeal board. Defendant's local

board was located in Pasadena, and his appeal board in Los Angeles. Defendant had appeared personally before the Pasadena local board, traveling from San Diego for this purpose. He advised his local board that he would like to appear personally before the appeal board "if necessary," and asked when the appeal board would meet since it was "a long drive to Pasadena." Since the regulations did not provide for a personal appearance before the appeal board, the local board did not respond to defendant's inquiry but simply forwarded the file to the appeal board, which affirmed the local board's rejection of defendant's claim.

We see nothing in these circumstances to alert the local board to defendant's desire that his appeal be heard by the San Diego appeal board, if indeed this was defendant's wish prior to the adverse decision of the Los Angeles appeal board. On an earlier occasion defendant had arranged with his Pasadena local board for transfer to a San Diego board for his physical examination. He did not request a general transfer from the Pasadena local board to a San Diego local board; and he later traveled to Pasadena for a personal appearance before that local board in support of his request for occupational deferment. If the question occurred to the board at all, it could properly have assumed that, for reasons of his own, defendant preferred not to have his appeal submitted to the San Diego appeal board. Certainly we cannot say that the local board's failure to transfer the appeal sua sponte or to inquire as to defendant's wishes violated the regulations or denied defendant procedural due process.

The defendant's final contention is that the local board improperly refused to reopen his classification and consider his conscientious objector claim.

The local board mailed defendant an induction notice on June 20, 1967. On June 24 defendant wrote to the board claiming exemption as a conscientious objector. His letter arrived on June 26.

■ The board was without power to reopen defendant's classification after mailing the induction notice unless it could specifically find that there had been a change in defendant's status resulting from circumstances over which he had no control. 32 C.F.R. § 1625.2.

We need not decide whether the maturing of a conscientious objection to war is a circumstance "over which the registrant had no control"—a question now pending before this court in banc in Ehlert v. United States, No. 21,930. The board must also find that "a change in the registrant's status" occurred after the mailing of the notice of induction; and defendant offered no facts upon which such a finding might have been based.

In his SSS Form No. 150 defendant attributed his convictions to participation in church activities as a child, parental influence, and college training—all of which occurred long prior to the mailing of defendant's notice of induction.

Defendant wrote to his draft board that the arrival of this notice precipitated the filing of his conscientious objector claim and that he had not submitted it earlier because he had mistakenly supposed that appellate processing of his claim for an occupational deferment was not completed and an order to report for induction therefore would not be issued.[5]

5. The letter read, in part:
"You may question the late arrival of this statement of beliefs. It is in part precipitated by the arrival of an order to report for induction: I was suddenly and absolutely faced with having to throw over my life's work and, within fifteen days, begin an instructional regimen of violence and mayhem.

Also, I was misled by the State Selective Service Headquarters when they informed me in a letter dated June 13, 1967 that ' * * * if you have further questions regarding your rights, we suggest you contact your local board for an appointment with the appeal agent.' I construed this as meaning I had an additional period in which to review my case with legal counsel to prepare another appeal, and that this would grant me the usual immunity from induction while this was pending. *If I had believed otherwise, I would not have delayed in bringing this new information to your attention*" (emphasis added).

As the trial court said, "defendant's letter asserting for the first time his views on conscientious objector matters clearly reveals no new views or recent maturing or changing of them in the two, or at most four-day period between the notice of induction and the sending of this letter. In fact, it reveals to the contrary. What is new is the determination to assert these views in view of the induction notice now having come to him. And it is clear that that assertion was precipitated, as he says himself, by the induction notice, and not by any change or difference in the views themselves." *See* Oshatz v. United States, 404 F.2d 9, 10–11 (9th Cir. 1969); Briggs v. United States, 397 F.2d 370, 372 (9th Cir. 1968); Dugdale v. United States, 389 F.2d 482, 484–485 (9th Cir. 1968).

Affirmed.