Frank Braxton GREEN, Appellant,

v.

LOCAL BOARD NO. 87, SELECTIVE SERVICE SYSTEM, PLATTE CITY, MISSOURI, Appellee.

No. 19938.

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1970.

Arthur A. Benson, II, Kansas City, Mo., for appellant.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., with him on the brief.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Appellee Local Board No. 87, Platte City, Missouri, ordered Selective Service registrant Frank Braxton Green to report for induction into the armed services on September 17, 1969. Just preceding that date, Green examined the public rolls of the draft board and discovered the names of ten older persons classified I–A (available for military service), who had not been called for induction. Green then brought this action in district court seeking to enjoin the local board from drafting him into service out of the order of call as specified by law. Judge Duncan dismissed his suit on jurisdictional grounds, and Green appeals from that judgment of dismissal. We affirm.

Section 10(b) (3) of the Military Selective Service Act, 50 U.S.C.A. App. § 460(b) (3), in applicable part, states:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively·or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the·classification assigned to such registrant."

In Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), the Court construed that section inapplicable to bar a pre-induction review of action of the local draft board, conceded to be unlawful, which deprived a ministerial student of his exemption from the draft as mandated by the statute. Appellant contends that the Military Selective Service Act of 1967 specifies the order of call to be followed in drafting men for the armed services. Theorizing from *Oestereich*, Green argues that because his local board issued an induction notice to him contrary to this statutory mandate, the federal courts should intervene and bar his induction at this time. We find this theory without merit in this case, though we assume the facts alleged to be true for the purpose of testing the trial court's dismissal.

██ In filing a requisition for a specified number of men to be inducted into the armed forces, the local board must call those non-volunteers, either unmarried or those married subsequent to August 26, 1965, between nineteen and twenty-six years of age in the "order of their dates of birth with the oldest being selected first." 32 C.F.R. § 1631.-7. The regulations relating to the order of call within age groups comport with the command of the Military Selective Service Act of 1967 that selection of persons for training and service shall be

made in an *impartial* manner. Section 5(a) (1), 50 U.S.C.A. App. § 455(a) (1). *Cf.* United States v. Gutknecht, 406 F.2d 494 (8th Cir.), cert. granted, 394 U.S. 997, 89 S.Ct. 595, 22 L.Ed.2d 775 (1969). Section 5(a) (2) of the Act, 50 U.S.C.A. App. § 455(a) (2), freezes the existing administrative regulations governing the order of call within age groups until specifically otherwise authorized by law.[1]

Some administrative flexibility must be preserved in carrying out the prescribed order of call. Thus, the regulations recognize that induction of a registrant may be postponed by illness or family emergencies. The State Director of the Selective Service may postpone the issuance of an induction order for "a good cause". 32 C.F.R. § 1632.2. Petitioner Green's allegation that ten older men classified I–A remained on the draft rolls presents no picture of facially unlawful draft board procedures in inducting him as was the case in *Oestereich*. Green's claims instead invite the court to review the factual or discretionary decisions made by the board in processing registrants, determinations whether the other ten men should properly have been called ahead of Green. To have the courts intervene to stay induction pending judicial review in this kind of situation could work havoc with the orderly processing of registrants which Congress sought to prevent in enacting § 10(b) (3). See Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Kolden v. Selective Service Local Board No. 4, 406 F.2d 631 (8th Cir.1969). Green's claims do not fall within the limited exception to § 10(b) (3) as enunciated in *Oestereich, supra,* and as clarified by the companion case of Clark v. Gabriel, *supra.* Mr. Justice Douglas, who wrote for the majority in *Oestereich,* explicated the limits of that exception in a separate concurring opinion in Clark v. Gabriel:

"But in my view it takes the extreme case where the Board can be said to flout the law, as it did in Oestereich v. Selective Service Bd., *ante,* p. 233, 89 S.Ct. 414, to warrant pre-induction review of its actions." 393 U.S. at 260, 89 S.Ct. at 427.

Green makes no such case here. See Kolden v. Selective Service Local Board No. 4, *supra.*

Affirmed.

---

[1]. Indeed, Public Law 91–124, November 26, 1969, 83 Stat. 220, authorizes such change and has now been implemented by executive order establishing an order of call within age groups by random selection applicable to requisition of manpower for the draft after January 1, 1970.