**UNITED STATES of America,**
**Appellee,**

v.

**William Roger RETALLICK, Appellant.**

**No. 25253.**

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1970.

David S. Sperber, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David H. Fox, Asst. U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL, and CARTER, Circuit Judges.

BARNES, Circuit Judge:

Appellant was convicted of refusing to be inducted into the armed services (50 U.S.C. App. § 462(a)).

The facts in this case are that although appellant-registrant was originally ordered to report for induction in Philadelphia on April 17, 1968, he had made a timely application for transfer to a Las Vegas Board because he had moved there to live; that his request for transfer was granted, and that appellant was thereafter and on April 22, 1968, ordered to report for induction at Las Vegas on April 29, 1968; that he failed to appear; that on April 30, 1968, he reported to Las Vegas Board No. 2 that he did not appear on the previous day because his car had broken down; that on May 3, 1968, he was ordered by Las Vegas Board No. 2 to report on May 13, 1968, at Las Vegas for induction; that he reported for induction on May 14, 1968, in Los Angeles, California, but there and then refused to be inducted.

Appellant alleges two errors on this appeal. The first is that there is no evidence defendant failed to report for induction at Las Vegas.

■■ We first note that this defense was not raised below, hence we are not required to consider it on appeal, in the absence of plain error. Cf. Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). We find and hold no error existed absent a showing defendant was misled or prejudiced thereby.

A. Had appellant presented himself for induction at Las Vegas on May 13, 1968, and had he not refused to be inducted there, it not only is inferred but it can be presumed his processing would have been completed, and he would have been transported directly to the Reception Center. (Gov. Ex. 1, p. 57).

■ B. Appellant was indicted for an alleged refusal to be inducted into the armed forces in Los Angeles, California, on May 13, 1968. He actually refused in Los Angeles on May 14, 1968. The record shows that Philadelphia Board No. 134 and Las Vegas Board No. 2 "delivered the registrant for induction" (Ex. 1, p. 22) at Los Angeles. The fact that he refused on May 14, instead of May 13, 1968, is of no consequence. A slight variance in the date of the commission of an offense is not prejudicial error. Cf. Jacobs v. United States, 395 F.2d 469, 474 (8th Cir. 1968); Strauss v. United States, 311 F.2d 926, 932 (5th Cir. 1963); Baker v. United States, 393 F.2d 604, 613 (9th Cir. 1968).

■ C. The record clearly discloses no question but that appellant refused to be inducted into the armed forces when he, under orders, reached an induction station. In the total absence of any testimony by the defendant that he was not ordered by his Las Vegas Board to report for induction in Los Angeles on May 14, 1968, the presumption of regularity comes into play; i. e., that he was in-

structed by the Board to do so, and that the Board acted regularly and properly in accordance with applicable regulations. United States v. Amartseff, 435 F.2d 1312 (9th Cir. 1969); Welsh v. United States, 404 F.2d 1078, 1084 (9th Cir. 1968); Storey v. United States, 370 F.2d 255, 259 (9th Cir. 1966); Tyrrell v. United States, 200 F.2d 8 (9th Cir. 1952), cert. den. 345 U.S. 910, 73 S.Ct. 646, 97 L.Ed. 1346 (1953).

Appellant's second defense (and the only one raised in the District Court) is that there was no proof of a proper order of call for him, and that the burden of proof had shifted to the government under the holding of this court in United States v. Baker, 416 F.2d 202 (9th Cir. 1969).

The Baker case is not applicable. In it, Baker proved he was called out of order over six registrants, all classified as he was, and all older than he. Here, appellant testified one Laurence Ren was a registrant, who had been one year ahead of appellant in school, and who had not been drafted in the summer of 1968. Appellant did *not* know Ren's classification, or draft status, or his age or whether he had been ordered to report. There was no evidence whatever that Ren had any physical disabilities, or whether he was married, or whether he had dependents, etc.

Thus, there was a total absence of any evidence Retallick was called out of order. The government, therefore, had the right to rely on the presumption of regularity of the call. United States v. Baker, *supra*, p. 205; Greer v. United States, 378 F.2d 931 (5th Cir. 1967); Yates v. United States, 404 F.2d 462 (1st Cir. 1968).

The judgment of conviction is affirmed.

The Clerk is ordered to file the Appellee's Brief, presented to him out of time on October 30, 1970.