No. 5961. WEINTRAUB *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

I dissent from a denial of certiorari in this case.

The Selective Service Regulations [1] provide the sequence in which registrants shall be ordered to report for induction. Petitioner was in the group of non-volunteers who are to be inducted "in the order of their dates of birth with the oldest being selected first." [2]

It seems clear that the order-of-call provisions are mandatory and that the local board's failure to observe them is a defense to an indictment. [3] On the trial of

---

[1] 32 CFR § 1631.7 (a) (3) (1967) provided:

"Such registrants, including those in a medical, dental, or allied specialist category, shall be selected and ordered to report for induction in the following order: . . . (3) Nonvolunteers who have attained the age of 19 years and have not attained the age of 26 years . . . in the order of their dates of birth with the oldest being selected first."

[2] *Ibid.*

[3] One case holds that a local board's failure to observe the order-of-call regulations does not prevent a conviction for either refusal to report for civilian work, refusal to submit to induction, or refusal to report for induction. That case, *Schutz* v. *United States,* 422 F. 2d 991 (CA5), stands apart from the great weight of authority. Two district court decisions expressly held that the Government had the burden of proof on the regularity of the order of call. *United States* v. *Rhodes,* Cr. No. 41112 (ND Cal. 1967) (unreported); *United States* v. *Lybrand,* 279 F. Supp. 74 (EDNY 1967). No other court has subsequently adopted that position and all circuit courts which have faced the issue have rejected the *Rhodes-Lybrand* position.

The Second Circuit rejected *Lybrand* in *United States* v. *Sandbank,* 403 F. 2d 38 (1968). In a footnote that court stated: "An analogy

petitioner for failure to submit to induction, his counsel proffered evidence that some 18 registrants older than this petitioner and classified as I–A were available for in-

---

may be drawn to a defense of insanity; although it is an essential element of criminality that the perpetrator must have acted with a sane mind, the government need not establish sanity as part of its case in chief in every prosecution." *Id.*, at 40 n. The Tenth Circuit has expressly adopted *Sandbank*. *Little* v. *United States*, 409 F. 2d 1343 (1969).

. The First Circuit accepts a presumption of regularity within the Selective Service System, but has announced: "There is no difficulty in the perhaps rare case where a defendant can produce evidence of a person who should have been called before him but was not. In such a case, the government cannot disprove a leak in a bucket simply by showing most of it was tight. But where the defendant lacks any such proof, his only recourse is to examine the clerk of the local board. This may not conclusively establish the absence of any violation of the regulation but, since the clerk must testify in any case to the validity of the order to report, there is little extra burden on the government to have him prepared to testify on order of call." *Yates* v. *United States*, 404 F. 2d 462, 466 (1968). In a case involving failure to report pursuant to an order for induction the Ninth Circuit held that where the defendant adduces proof showing the order of call was not regular then the burden shifts to the Government "to justify by affirmative evidence the by-passing" of the older individuals. *United States* v. *Baker*, 416 F. 2d 202, 205 (1969).

In two cases involving failure to report for civilian work the Fifth Circuit announced it followed a rule presuming regularity but did not state the consequences of overcoming the presumption. *Greer* v. *United States*, 378 F. 2d 931 (1967); *Lowe* v. *United States*, 389 F. 2d 51 (1968). Subsequently that circuit has refused to even allow evidence of irregularity in the order of call where the defendant refused to report for induction. *Schutz* v. *United States, supra.* The decision is unclear although the court rests on the distinction between refusal to report and refusal to submit: "This appellant was convicted of failing to report for induction as ordered. not for refusing to be inducted after arrival at the induction center. Therefore, we do not discuss the cases which have dealt with the latter situation, other than to say that wilful refusal to report for induction is a separate offense." *Id.*, at 994. The court felt every "registrant is required to report for induction as ordered even

duction on the day he was ordered to report but were not sent notices of induction. The District Judge indicated he probably would grant a motion for a judgment of acquittal unless the Government rebutted the evidence of violation of the regulations. The Government thereupon called the clerk of the board who advised the court that the Selective Service records of other registrants were confidential and could not be released except with the permission of the Director.[4] The court suggested that permission of the Director be sought.[5] It was so sought

though he may have valid legal grounds for refusing to submit to induction." *Ibid.* Besides being the only case rejecting the defense it would appear to conflict with the Ninth Circuit's *Baker* decision which also involved failure to report for induction.

The Eighth Circuit has only passed on regularity of call in a case involving an attempt to get pre-induction review. *Green* v. *Local Board No. 87*, 419 F. 2d 813. It held that showing older I–A registrants were not called was not "facially unlawful" for purposes of pre-induction review.

The Maryland district court has adopted the presumption of regularity that the Fifth Circuit announced in *Greer* and *Lowe*. *United States* v. *Shacter*, 293 F. Supp. 1057 (D. C. Md. 1968). A district court in Wisconsin, without indicating what test it would apply, cited *Sandbank, Yates,* and *Lybrand* and appears to indicate it would at least hold if the defendant could establish irregularities that there would be acquittal. *United States* v. *Ball*, 49 F. R. D. 153 (ED Wis. 1969). Another district court noted the defendant failed to prove irregularities without stating what it would do if he had. *United States* v. *Noonan*, 2 S. S. L. R. 3595 (WD Pa. 1969). In a footnote that court noted three registrants older than the defendant and in his category had not been called for physicals. It was this local board's policy to defer a physical when appearances or appeals were pending. The court noted this violated the regulations, but in each instance the other person was deferred. "Since the deferments precluded these registrants' inductions, the failure to administer a physical examination in no way hastened defendant's induction." *Id.*, at 3596 n. 4.

[4] 32 CFR § 1606.32.

[5] 32 CFR § 1606.32 (c).

but refused. The court thereupon examined the files *in camera,* reading into the record some of their contents but refusing to let counsel examine all of them. Petitioner was convicted and appealed.

The Court of Appeals disagreed with the District Court, saying:

"The principal contention of the appellant is that counsel for the defense should have been allowed to see the files and determine for himself whether any material therein could have based an attack on cross-examination on the board's determination which might have demonstrated a lack of basis in fact for the determination. We think this contention well founded. A defendant is entitled to such an inspection, subject to protective order by the court to mask the names or by other means prevent public disclosure of the content of the files, so that without violating the confidentiality of the files he may properly determine for himself whether there is a proper foundation for the board's apparent deviation from the order of call suggested by the Form 102, see *Alderman* v. *United States,* 394 U. S. 165 . . . (1969), and so that a proper record may be preserved for appeal." 429 F. 2d 658, 661.

It held, however, that the error was harmless.

One of the summaries concerned E. S. and the Court of Appeals made the following statement concerning him:

"E. S. was not available for induction on June 8, 1967. He was a registrant who had already signed up for the Reserves. While his request for an appeal or personal appearance may have been untimely because it was made 12 days after the mailing of his notice of classification, rather than the required 10 days, he was still unavailable for induction

because he had not had a pre-induction physical or. mental examination. He was finally classified I–D, which means he was a member of a Reserve Unit or the National Guard." *Id.,* at 662 n. 4.

If "signed up" means application for the Reserves, then the enlistment requirement of Rule 1622.13 (f)[6] would not be satisfied and E. S. should have been called before petitioner. The error could not be "harmless" if petitioner was called up ahead of his time; and there is no way of determining whether E. S. had enlisted without probing the facts and cross-examining the Board's witness. The test we used in *Alderman* v. *United States,* 394 U. S. 165, 181, for determining what wiretap records should be turned over by the judge who makes his *in camera* investigation of them is whether the record is "arguably relevant" to the question whether "tainted evidence" had been used to convict. Application of such a test would make at least the file of E. S. available to counsel for petitioner.

I dissent from a denial of certiorari on the issue so posed.

---

[6] This regulation puts in Class I–D a registrant who "enlists or accepts appointment," before attaining the age of 26 years, in the Reserves.