**Daniel W. BOYK, Plaintiff,**

v.

**John MITCHELL et al., Defendants.**

**No. C69–111.**

United States District Court,
N. D. Ohio, W. D.

July 3, 1969.

9. *Compare*, Harman v. Forssenius, 380 U.S. 528, 536, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965) (abstention declined).

Harland M. Britz, Fuhrman, Gertner, Britz & Barkan, Toledo, Ohio, Berkman, Gordon, Kancelbaum & Messerman, Cleveland, Ohio, for plaintiff.

Timothy J. Potts, Asst. U. S. Atty., for defendants.

## OPINION

DON J. YOUNG, District Judge.

Plaintiff, a selective service registrant, challenges the constitutionality of 50 U.S.C., App. Section 456(j) requiring religious training and belief as a basis for obtaining classification as a conscientious objector. Plaintiff has filed a Selective Service Form SS–150 requesting the local board to grant plaintiff a 1–O deferment as a conscientious objector. In this form he states that he does not believe in a supreme being but does believe that life is controlled by consistency and reason. Plaintiff further states that he is morally opposed to war or participation in war in any form. The application was denied. An appeal was taken. The appeals board affirmed the local board. Plaintiff was thereafter classified 1–A.

An order was issued directing plaintiff to report for induction on April 21, 1969. This action was filed on April 18, 1969 requesting that the defendants be enjoined from inducting plaintiff into the armed forces and/or from criminally prosecuting plaintiff for failure to report for induction. A further prayer of the complaint was that a three judge court be empanelled to declare 50 U.S.C., App. § 456(j) unconstitutional as infringing upon the First Amendment prohibition against the establishment of religion.

Upon commencement of this case the order to report for induction was suspended. The file discloses no further activity regarding the matter.

An oral hearing was held on April 25, 1969 on a motion for a temporary restraining order pending the calling of a three judge court. The Government moved to dismiss the complaint for lack of jurisdiction to consider the matter.

The Court denied the temporary restraining order and requested counsel to brief the motion to dismiss. It is that motion that is currently before the Court.

The Government asserts that 50 U.S. C. App. § 460(b) (3) prevents this Court from exercising any jurisdiction over the questions of classification or processing until the registrant has responded either affirmatively or negatively to an order to report for induction. Then the question can only be raised as the defense to a criminal prosecution, 50 U.S.C. App. § 460(b) (3), or by a petition for a writ of habeas corpus. See, Oestereich v. Selective Service System, 393 U.S. 233, 246, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). This case is urged as only creating an exception to this in instances where there has been a denial of a statutory exception.

Plaintiff argues that he is not challenging his classification or processing and thus he is not within the ambit of the statute. He asserts that he is only challenging the constitutionality of the statute. It has long been established that the federal courts do not consider matters in a vacuum. One of the jurisdictional requirements is that the individual have standing to present the claim. Massachusetts v. Mellon, 262 U. S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); but see, Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), and there must be a case or controversy. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911).

If plaintiff does not dispute his classification, then he has no basis from which to challenge the statute. Actually, plaintiff is vigorously attacking his classification, for if he accepted the propriety of his 1–A classification he would not be before this Court today.

*Oestereich* is read by plaintiff to permit pre-induction judicial review in those cases in which the registrant is asserting a deprivation of a legally guar-

anteed right. It is urged that such review will not unduly impede processing or induction of registrants.

The plaintiff finally urges that the Court may enjoin criminal prosecution in the area of First Amendment rights, citing Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

■ After considering the arguments, the Court has reached the conclusion that it is without jurisdiction. McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967), cert. denied, 390 U.S. 980, 88 S.Ct. 1099, 19 L.Ed.2d 1276 (1968). The Court's reading of *Oestereich* differs from both readings advanced by counsel. That court construes the case to permit pre-induction review of patent abuses of discretion by the local boards, i.e., instances where discretion was exercised in a non-discretionary situation or where it appears on the face of the action that the exercise of discretion was premised upon a set of facts having no basis in reality, or premised on a statute or regulation, or an interpretation thereof, which provides no basis for the action or which interpretation is patently incorrect. The authorities which the plaintiff has cited in support of his reading of *Oestereich* are equally capable of being read as supporting the interpretation of this Court.

■ Section 460(b) (3) of 50 U.S.C. App. was enacted to prevent unnecessary and protracted delays in the processing and induction of registrants. Such is clearly a legitimate purpose. Review of patent abuses is not a time-consuming process by definition. Conversely, the consideration of the constitutionality of statutes with the empanelling of a three judge court is unquestionably a time-consuming process.

■ In classifying plaintiff 1–A the local board was merely applying the statute. Such cannot constitute an abuse of discretion.

■ While this case certainly does involve First Amendment rights, this is not a case where prior restraint of such exercise will result from the threat of prosecution. If plaintiff's beliefs are such as he alleges them to be, the threat of prosecution will not cause plaintiff to waiver from his convictions. Nor does such really impair plaintiff's exercise of his beliefs since they are personal. We are not involved with freedom of speech as are the cases plaintiff cites as authority, speech requiring a listener (not necessarily willing), while practice of one's beliefs is an entirely personal matter.

■ The grant of jurisdiction in Article III is not self-executing. Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816). Since Congress can entirely remove a federal court's jurisdiction, Ex parte McCardle, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), it can also limit that jurisdiction as a lesser included power. Veazie Bank v. Fenno, 75 U.S. (8 Wall.) 533, 19 L.Ed. 482 (1868). Thus although this case arises under the laws of the United States, the Court does not necessarily have jurisdiction over the case. After due consideration the Court has concluded that it is without jurisdiction.

This case does not fall within the many exceptions to the rule that a court will not enjoin criminal prosecution. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Further there would be no substantial difference between this case tried as an injunction and declaratory judgment or tried as a criminal matter. Should plaintiff lose the injunctive and declaratory judgment action, he could again raise all of the same issues in defense of the criminal action, thus in effect obtaining two chances to defend the criminal action. This would be wasteful both of the district attorney's time and of this Court's time.

For these reasons the Court would not provide plaintiff with the relief sought were it possessed of jurisdiction.

The Court does not undertake to pass or comment upon the merits of plaintiff's claim. Plaintiff has the strong and well reasoned opinion of Judge Wyzanski in United States v. Sisson, 297 F.Supp. 902 (1969) in his favor. Thus the claim cannot be said to be insubstantial. Likewise the Government should not lean too heavily on the argument that if the conscientious objector provisions of the Selective Service Act are unconstitutional then all of the conscientious objectors are properly classified 1-A. This argument ignores the possibility that the entire Selective Service Act might be unconstitutional as infringing on First Amendment rights without such provisions.

The case will be dismissed for lack of jurisdiction in this Court and an order entered accordingly.