Daniel W. BOYK, Plaintiff-Appellant,

v.

John MITCHELL, Attorney General of the United States, et al., Defendants-Appellees.

No. 19908.

United States Court of Appeals, Sixth Circuit.

April 21, 1970.

Niki Z. Schwartz, Cleveland, Ohio, for plaintiff-appellant; Harland M. Britz, Toledo, Ohio, on the brief.

Ralph A. Fine, Dept. of Justice, Washington, D. C., for defendants-appellees; William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Robert B. Krupansky, U. S. Atty., Toledo, Ohio, on the brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal by Daniel W. Boyk, a registrant in the United States Selective Service System, from a judgment of the district court dismissing his complaint in which he sought a declaratory judgment and injunctive relief to prevent his induction into the Armed Forces.

Appellant had previously submitted to his Selective Service Board his claim for conscientious objector status. He stated that he believed life is "ruled by consistency, by cause and effect;" that he

was conscientiously opposed to war in any form although he did not believe in a personal supreme being. He was denied conscientious objector status because his objection to war was not "by reason of religious training and belief" as required by 50 U.S.C. App. § 456(j).

After appellant was ordered to report for induction, he filed this action asserting that the statutory test of "religious training and belief" was unconstitutional. The district court 312 F.Supp. 934, granted the government's motion to dismiss on the ground of lack of jurisdiction by reason of Section 10(b)(3) of the Selective Service Act of 1967, 50 U.S.C. App. 460(b)(3). This section provides:

> "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution * * *."

For the reasons stated in the memorandum opinion of the district judge and on authority of Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968),

The judgment is affirmed.