John Daniel FERRELL, Plaintiff-Appellant,

v.

**SELECTIVE SERVICE LOCAL BOARD NO. 38 OF WALNUT RIDGE, ARKANSAS, Col. Willard A. Hawkins, and Transfer Board of the New York City Headquarters, Selective Service System, Defendants-Appellees.**

No. 383, Docket 35502.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1970.

Decided Oct. 30, 1970.

Michael N. Pollet, New York City (Marvin M. Karpatkin, Karpatkin, Ohrenstein & Karpatkin, New York City, of counsel), for plaintiff-appellant.

Daniel H. Murphy, II, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, of counsel), for defendants-appellees.

Before MOORE, FRIENDLY and ADAMS,* Circuit Judges.

FRIENDLY, Circuit Judge:

Plaintiff, who will attain the age of 26 on November 15, 1970, held student deferments until he completed law school in June, 1969. He was then reclassified I–A and was ordered to report for a preinduction physical examination on July 23. He did not appeal his reclassification but obtained postponements of his physical examination until January 30, 1970. Having passed this, he was ordered by his local draft board in Arkansas on May 20, 1970, to report for induction on June 9.

On May 26 Ferrell, who had moved to New York City, applied to the board for conscientious objector classification, saying that as a result of thought during the last few days he had come to realize that participation in war or in noncombatant service would conflict with his deepest religious beliefs and training. The board mailed him SSS Form 150, which he filled out and returned. This recited long activity in Baptist church affairs and opposition to the Viet Nam war, said that his views with respect to conscientious objection theretofore "had not fully crystallized" but asserted that upon receiving the notice of induction his ideas "finally crystallized" and he realized he "really was a conscientious objector." He submitted supporting letters from his wife and parents, which were attached to his affidavit in support

for an injunction and one from a friend, which was not. The wife's letter tracked the application but the parents' letter, written from Arkansas, said that Ferrell's objection to the draft "is not a new thing with him as he has told us many times that he did not want to kill people who were not attacking our homes." The board granted him a 25 minute interview on July 21, with three members present. A summary shows that Ferrell responded in line with his Form 150 but that the board determined not to reopen the classification "feeling that his claim was not based on moral, religious, or ethical principles but rests instead on expediency. The expediency being to avoid the draft." By letter dated July 22, 1970, the board's executive secretary, who had attended the interview, advised Ferrell that the members had determined there was no change in his status resulting from circumstances over which he had no control and that his classification was not reopened.

A month later Ferrell began this action for an injunction in the District Court for the Southern District of New York and obtained a temporary restraining order against his induction. The Government contested the court's power to grant relief in light of § 10(b) (3) of the Selective Service Act, 50 U.S.C. App. § 460(b) (3). Alternatively it urged denial on the merits. Judge Mansfield, in a well-considered opinion, sustained the latter position but did not discuss the former, very likely because, as will later be seen, the two issues have some tendency to merge. Upon plaintiff's filing a notice of appeal, the district court granted a stay of induction pending application here, and this court granted a further stay. Plaintiff has been notified of a new order requiring him to report for induction on October 29.

The interpretation of § 10(b) (3) in light of applicable Supreme Court decisions has recently provoked a division of opinion within another panel of this court. Fein v. Selective Service

* Of the Third Circuit, sitting by designation.

System Local Board No. 7, 430 F.2d 376 (2 Cir., 1970). We need not traverse that territory again in this case, for two reasons. We are bound by the majority's decision, and we do not believe any different result would be called for under Chief Judge Lumbard's dissent. Ferrell argues that the local board's action was "blatantly lawless," see Oesterreich v. Selective Service Board, 393 U. S. 233, 238–239, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), because under Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), the board was required to reopen since Ferrell had made a prima facie case. In the first place, this ignores that, as this court has pointed out in United States v. Jones, 433 F.2d 1292, 1293 n. 6 (2 Cir. 1970), the Supreme Court "was concerned there [in *Mulloy*] with reopenings prior to receipt of the induction notice." Even if that should be wrong, as appellant claims —and in view of the care taken by the Court to make the limited character of its holding entirely clear, see 398 U.S. at 411 n. 1 and at 414–415 and n. 2, 90 S. Ct. 1766, we do not see how it can be—[1] there would still remain the question whether the registrant had made a prima facie case. It would be open to fair debate whether Ferrell's statements, largely unsupported by outside sources and seemingly contradicted with respect to late crystallization by his parents' letter, would qualify even under that test. Finally even if the board had acted without full regard to the teachings of

*Mulloy*, this would not be "blatantly lawless." If any meaning is to be left to § 10(b) (3), it must cover determinations such as these.[2]

If we should be in error about this, we would affirm the denial of injunctive relief on the merits. We have little to add on this score to Judge Mansfield's opinion and what we have already said. Ferrell made no such impressive showing of an approach toward conscientious objection which reflection after the notice of induction might have matured into a full fledged objection as in Capobianco v. Laird, 424 F.2d 1304 (2 Cir. 1970), and Paszel v. Laird, 426 F.2d 1169 (2 Cir. 1970). The thinness of his own statements, the lack of substantial corroboration, the seeming contradiction of recent crystallization in his parents' letter, and his demeanor at the hearing, see United States v. Simmons, 213 F.2d 901, 904 (7 Cir. 1954), rev'd on other grounds, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955), constituted a sufficient basis in fact for a finding that he had not sustained the burden of showing that he had become a conscientious objector after receiving his notice of induction. Although the board could have expressed its views with greater precision, the summary and the secretary's letter leave no doubt that was what it meant.[3]

We affirm the denial of a temporary injunction and vacate the stay of induction. The mandate shall issue forthwith.

---

1. United States ex rel. Brown v. Resor, 429 F.2d 1340 (10 Cir. 1970), is not to the contrary. The court recognized the more stringent standards for reopening after notice of induction under "the exacting language of the regulations" but faulted the board because it had merely noted "No change warranted" without explaining why. This also was the decision in Scott v. Volatile, 431 F.2d 1132 (3 Cir. 1970).

2. We thus have no occasion to consider the question which divided Judge Hays and Chief Judge Lumbard in *Fein*, and on which Judge Blumenfeld did not pass, namely, whether a bare allegation that more than $10,000 is in controversy meets

the requirements of 28 U.S.C. § 1331 in cases of this sort.

3. Ferrell's brief on appeal contends that minutes of the local board, not contained in the record transmitted to us, disclose that it did not vote upon his request for reopening as 32 C.F.R. § 1604.52a(d) requires. No such claim was made in the complaint or moving affidavit or in Ferrell's brief in the district court, where the Government would have had an opportunity to answer. Since the summary of Ferrell's interview indicates that the three members present concurred in the decision, this would appear to be at worst an informality affecting no substantial rights.