**Harvey Lee DAVIS, Plaintiff-Appellant,**

v.

**The MEMBERS OF SELECTIVE SERVICE BOARD NUMBER 30 OF TEXAS et al., Defendants-Appellees.**

**No. 29078.**

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1970.

Rehearing Denied and Rehearing En Banc Denied Feb. 1, 1971.

H. Averil Sweitzer, Harvey Davis, Dallas, Tex., for plaintiff-appellant.

Kenneth J. Mighell, Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Dallas, Tex., for defendants-appellees.

Before GEWIN, MORGAN and ADAMS*, Circuit Judges.

PER CURIAM:

The issue here is whether appellant may enjoin his induction into the United States Army on the ground that the local draft board illegally refused to grant him status as a conscientious objector. The district court denied the injunction by ruling that although appellant was entitled to preinduction relief he was nonetheless barred from obtaining relief because of his failure to present a prima-facie case for reopening of the draft classification. We affirm the decision of the trial court but for different reasons than those set out in its opinion.

Harvey Lee Davis received his order for induction on February 26, 1969, while serving with the Peace Corps in Peru. Pursuant to his request Davis was granted a seven-month postponement of induction by the State Director of Selective Service, Austin, Texas. At the expiration of the postponement period on September 15, 1969, Davis was again ordered to report for induction on October 15, 1969, whereupon he notified the local board [1] that he desired classification as a conscientious objector. The draft board promptly mailed Davis the appropriate form [2] which he filled out stating that his work with the impoverished Peruvians had brought on a religious conviction which prevented his participation in war.

Following a second postponement of induction, the draft board considered Davis' written application and conducted a personal interview with him, and unanimously concluded on October 22, 1969, that Davis had not presented sufficient proof of religious conviction and belief to justify granting classification as a conscientious objector.[3] Another

---

* Of the Third Circuit, sitting by designation.

1. Local Board No. 30, Dallas, Texas.

2. Selective Service Form No. 150.

3. Using the specific draft board terminology one who entertains a valid conscientious objection to participation in war is classified "I-O".

order was then issued requiring Davis' induction on February 25, 1970, and it is the enforcement of this decree that appellant seeks to enjoin by claiming that the board was in fact presented with sufficient evidence to warrant the conscientious objector classification and also that there was a denial of procedural fairness.

Under Section 10(b) (3) of the Military Selective Service Act, 50 U.S.C. App. § 460(b), (3),[4] Congress limited judicial review of the local board's classification process to instances where the prospective draftee has either submitted to induction or responded negatively to an order to report for induction.[5] This court must decide, therefore, whether we have jurisdiction to pass upon Davis' alleged erroneous classification procedure when he has neither submitted to nor refused induction.

The effect of § 10(b) (3), supra, on preinduction judicial relief was delineated by the Supreme Court in two cases decided on the same day, December 16, 1968. Clark v. Gabriel, 1968, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418; Oestereich v. Selective Service Board No. 11, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402. In *Oestereich*, supra, the local draft board revoked the registrant's statutory classification as a divinity student[6] because of his delinquent activity in returning his registration certificate to the government for the purpose of protesting participation by the United States in the war in Viet Nam. The court held that in this case Section 10(b) (3) did not prevent judicial review prior to an acceptance or refusal of induction because:

> "We deal with conduct of a local Board that is basically lawless. It is no different in constitutional implications from a case where induction of an ordained minister or other clearly exempt person is ordered (a) to retaliate against the person because of his political views, or (b) to bear down upon him for his religious views, or (c) to get him out of town so that the amorous interests of a board member might be better served. * * * In such instances as in the present one there is no exercise of discretion by a board in evaluating evidence and in determining whether a claimed exemption is desired." 393 U.S. at 237, 238, 89 S.Ct. at 416.

The actions of the board were further described as depriving the registrant of his statutory exemption in a "blatantly lawless manner".

In the companion case of Clark v. Gabriel, supra, the court found that it lacked jurisdiction to conduct preinduction review where it was alleged that the registrant's draft board had improperly refused to classify him as a conscientious objector. Oestereich was distinguishable on the grounds that:

> "Here (in *Clark*), by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. By statute, classification as a conscientious objec-

---

4. 50 U.S.C.App. § 460(b) (3) states in pertinent part that "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction."

5. The proper method of obtaining court examination of the classification procedure after induction is the writ of habeas corpus, while if the registrant refuses induction he may assert the alleged erroneous procedure in defense to a crim-

inal prosecution instituted under Section 12 of the Military Selective Service Act, 50 U.S.C.App. § 462(a). This section provides that "any person who * * * shall knowingly fail * * * or refuse to perform any duty required of him under or in the execution of this title * * * shall, upon conviction * * * be punished by imprisonment for not more than five years or a fine of not more than $10,000 or by both".

6. Section 6(g) of the Military Selective Service Act, 50 U.S.C.App. § 456(g) exempts students preparing for the ministry from military service.

738

tor is expressly conditioned on the registrant's claim being 'sustained by the local board'. 50 U.S.C. App. § 456(j) (1964 ed. Supp. III)." 393 U.S. at 258, 89 S.Ct. at 426.

The court went on to say that § 10(b)(3) was constitutionally unobjectionable and that preinduction judicial review of discretionary decisions of the draft board must be prevented so that the procedure necessary to provide military manpower will operate as Congress intended, free from litigious interruptions.

Turning to the instant case, it is abundantly clear that the Clark v. Gabriel mandate applies, and that this court is without power to enjoin Davis' draft board from ordering his induction. Contrary to *Oestereich*, there is no delinquency finding used by the board to reclassify a registrant, and thus there is an absence of draft board conduct which would rise to the level of being "blatantly lawless". Here the registrant objects to the denial of conscientious objector status by his local board which, before making its determination, considered both the written evidence supplied by Davis and also the oral testimony at the personal interview. It is exactly this type of discretionary procedure by the local draft board that the Clark v. Gabriel decision held validly exempted from judicial interference through § 10 (b) (3).

We therefore hold that this court lacks jurisdiction to entertain appellant's claim for preinduction relief.

For the reasons heretofore stated, the denial of the injunction by the district court is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.