Francis L. McLAIN, Plaintiff-Appellee,

v.

**SELECTIVE SERVICE LOCAL BOARD
NO. 47, etc., Defendant-Appellant.**

No. 20217.

United States Court of Appeals,
Eighth Circuit.

March 30, 1971.

William D. Ruckelshaus, Asst. Atty. Gen., Harold O. Bullis, U. S. Atty., Morton Hollander, Reed Johnston, Jr., Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Joseph Goldberg, Grand Forks, N. D., David E. Knutson, Wattam, Vogel, Vogel & Peterson, Fargo, N. D., for plaintiff-appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges and NEVILLE, District Judge.

NEVILLE, District Judge.

As of June 23, 1969, plaintiff Francis LeRoy McLain, a selective service registrant, had been denied conscientious objector classification by his local Selective Service Board and finally by action of the Presidential Appeal Board. Thereafter on August 20, 1969 his local draft board mailed him an Order to Report for Induction. Three days prior to the reporting date of September 8, 1969, he was granted a postponement to permit him to pursue further action in an effort to secure discretionary review of his file by National Selective Service Headquarters.[1]

While the outstanding order was in this officially postponed status, plaintiff enrolled as a student at the University of North Dakota. The University duly notified plaintiff's Local Board of his status as a full-time student. The National Selective Service System subsequently declined to grant the requested conscientious objector classification, and the Local Board by letter dated October 27 terminated plaintiff's postponement, directing him to report for induction on November 10, 1969. Soon after receipt thereof, plaintiff wrote his Local Board requesting a I-S student deferment under Section 6(i) (2) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(i) (2). That statute reads, in pertinent part:

"Any person who while satisfactorily pursuing a full-time course of instruction at a college * * * is ordered to report for induction * * * shall upon the facts being presented to his local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is earlier."

Since the registrant's file did not indicate that he was a student prior to the issuance of the original Order to Report for Induction, the Local Board denied the requested deferment.

Having no right to an administrative appeal from that denial of a reopening of his case by his local board, plaintiff commenced an action in the United States District Court for the District of North Dakota, asking for preliminary and mandatory injunctive relief in the nature of an order requiring his Local Board to grant him the requested I-S student classification under Section 6(i) (2). Following a hearing on cross motions for summary judgment, the District Court on December 22, 1969, entered judgment in registrant's favor. In an unreported memorandum opinion, the court held (1) that Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3),[2] did not bar pre-induction review of the Selective Service System's actions as challenged by this registrant, and (2) that

---

1. The registrant has not contended that the Local Board was without power to order his induction during the pendency of this discretionary appeal of the denial of his conscientious objection claim. His formal appeal rights, it is conceded, were exhausted on June 23, 1969, with the Presidential Appeal Board's adverse decision. The postponement was given purely as a matter of grace.

2. Quoted in this opinion hereinafter.

a registrant is entitled to the Section 6(i) (2) deferment (I–S) whenever the date upon which he is directed to report for induction, as distinguished from the date upon which the induction order is received in the first instance, interrupts his college year.[3]

■ Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3) reads in pertinent part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President except as a defense to a criminal prosecution instituted under Section 12 of this title [50 U.S.C. App. § 462] after the registrant has responded either affirmatively or negatively to an order to report for induction * * * provided that such review shall go to the question of jurisdiction * * * only when there is no basis in fact for the classification * * *."[4]

The Supreme Court has prescribed a narrow exception to this otherwise complete preclusion of pre-induction judicial review for cases in which the registrant challenges Selective Service System action which is "blatantly lawless" or patently violative of distinct legal rights. Oestereich v. Selective Service System Local Board No. 11, *supra*; Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). See also Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), aff'd per curiam at 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969) on the basis of Clark v. Gabriel, *supra*. This Circuit has on several occasions considered the availability of pre-induction review under the *Oestereich* exception to Section 10(b) (3). See Kolden v. Selective Service Local Board No. 4, 406 F.2d 631 (8th Cir. 1969), vacated and remanded 397 U.S. 47, 90 S. Ct. 811, 25 L.Ed.2d 33 (1970); Green v.

3. Plaintiff advised his Local Board by letter of February 7, 1970, that he was no longer attending the University. This operated to terminate his eligibility for a student deferment under Section 6(i) (2), and the Government forthwith moved this court to vacate the judgment of the District Court and remand the case with instructions to dismiss for mootness. The motion was denied by this court on April 17, 1970. This court was not apprised of any subsequent developments which might justify reversing that denial pending a decision on the present appeal. The Order to Report for Induction of course was cancelled upon the reopening and reclassification as I–S pursuant to the mandate of the District Court. While the registrant does not currently enjoy eligibility for that deferment, he has been reverted to the I–A pool and therefore has certain rights collateral to the deferment itself—including the right to seek other deferments and exemptions and the right to be processed in accordance with the Lottery System. He would not have these rights if the original induction order's validity were upheld by this court. See United States v. Rundle, 413 F.2d 329 at 334 (8th Cir. 1969). Resolution of the issues on appeal, therefore, may have serious practical consequences despite the fact that the registrant is no

longer eligible (if ever he was) for the student deferment. See Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 at 523–526 (1969).

4. Section 10(b) (3) has been considered a "jurisdictional" provision because it operates to limit the power of the courts to consider pre-induction challenges to the registrant's classification. In order to distinguish the 10(b) (3) problem from other jurisdictional problems in Selective Service cases, some courts have characterized it as a codification of the doctrines of "ripeness" (Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968)), "exhaustion" (United States v. Pence, 410 F.2d 557 (8th Cir. 1969)), or "abstention" (Stella v. Selective Service System, 427 F.2d 887 (2d Cir. 1970)).

It is clear that the petitioner for pre-induction injunctive relief must establish *both* (1) jurisdiction under 28 U.S.C. § 1331 or some other general jurisdictional statute, and (2) *judicial power to deal with the claim prior to induction* under the exception to Section 10(b) (3). See Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 239, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Boyd v. Clark, *supra*; Fein v. Selective Service System, 430 F.2d 376, 378, n. 1 (2d Cir. 1970).

Local Board No. 87, 419 F.2d 813 (8th Cir. 1970), cert. dismissed 397 U.S. 1059, 90 S.Ct. 1407, 25 L.Ed.2d 682 (1970). See also United States v. Pence, 410 F.2d 557, 559 (8th Cir. 1969).

■ The confusion generated by *Oestereich, Clark* and *Breen* is witnessed by the volume of recent litigation over the applicability of the exception to Section 10(b) (3) at the appellate level.[5] The decisions are significantly unanimous in two respects:

I. Where the registrant challenges the Local Board's resolution of issues of evidentiary fact,[6] Section 10(b) (3) plainly precludes pre-induction review. Clark v. Gabriel, *supra*.

II. Where the underlying evidentiary facts are not in dispute and the registrant's claim is cast as a challenge to the legality of the Selective Service System's reading or application of relevant law, then the court may afford pre-induction review only if on investigation of the merits of the issue presented it determines that the Board has acted in a "blatantly lawless" manner. Oestereich v. Selective Service System Local Board, *supra*; Breen v. Selective Service Local Board No. 16, *supra*. In other words, when faced with the Section 10(b) (3) problem in a challenge to the Selective Service System's application of law to undisputed facts, the court is required to go beyond the mere style of the registrant's claim to analyze its substance and appraise its likelihood of success on the merits. The barren allegation of an illegality in Selective Service procedures for the classification or processing of a registrant is not alone sufficient to permit pre-induction review under the narrow exception to Section 10(b) (3).[7]

5. The decisions include: Bowen v. Hershey, 410 F.2d 962 (1st Cir. 1969) ; Crane v. Hershey, 410 F.2d 966 (1st Cir. 1969) ; Stella v. Selective Service System, 427 F.2d 887 (2d Cir. 1970) ; Fein v. Selective Service System, 430 F.2d 376 (2d Cir. 1970), cert. granted, 401 U.S. 953, 91 S.Ct. 975, 28 L.Ed.2d 236 (1970) ; Ferrell v. Selective Service Local Board No. 38, 434 F.2d 686 (2d Cir. 1970), appl. for stay denied, 400 U.S. 913, 91 S.Ct. 170, 27 L.Ed.2d 152 (1970) ; Bucher v. Selective Service System, 421 F.2d 24 (3d Cir. 1970) ; Kraus v. Selective Service System, 408 F.2d 622 (4th Cir. 1969), vacated and remanded 397 U.S. 47, 90 S.Ct. 811, 25 L.Ed.2d 33 (1970) ; Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir. 1970) ; Burnett v. United States, 433 F.2d 1356 (5th Cir. 1970), appeal docketed, 39 U.S. L.W. 3282 (1971) ; Davis v. Members of Selective Service Board No. 30, 433 F.2d 736 (5th Cir. 1970) ; Anderson v. Hershey, 410 F.2d 492 (6th Cir. 1969), vacated and remanded 397 U.S. 47, 90 S.Ct. 811, 25 L.Ed.2d 33 (1970) ; Boyk v. Mitchell, 425 F.2d 263 (6th Cir. 1970) ; Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971) ; Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969) ; Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970), cert. denied Czepil v. Tarr, 400 U.S. 849, 91 S.Ct. 44, 27 L.Ed.2d 87 (1970) ; Kolden v. Selective Service Local Board No. 4, 406 F.2d 631 (8th Cir. 1969) ; Green v. Local Board No. 87, 419 F.2d 813 (8th Cir. 1970) ; Peterson v. Clark, 411 F.2d 1217 (9th Cir. 1969) ; Vasilj v. Local Board No. 134, 422 F.2d 861 (9th Cir. 1969), cert. denied, Vasilj v. United States, 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 795 (1970), reh. den. 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed.2d 93 (1970) ; Bookout v. Thomas, 430 F.2d 1343 (9th Cir. 1970) ; Rich v. Hershey, 408 F.2d 944 (10th Cir. 1969) ; Sloan v. Local Board No. 1, 414 F.2d 125 (10th Cir. 1969) ; Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir. 1970) ; Coleman v. New York Local Selective Service Board No. 61, 432 F.2d 225 (10th Cir. 1970) ; National Student Ass'n v. Hershey, 134 U.S.App.D.C. 56, 412 F.2d 1103 (1969) ; Shea v. Mitchell, 137 U.S.App.D.C. 227, 421 F.2d 1162 (1970) ; Nestor v. Hershey, 138 U.S.App. D.C. 73, 425 F.2d 504 (1969).

6. Where the Board has found, for instance, that an applicant for conscientious objector status is insincere on the basis of demeanor evidence, that an applicant for occupational deferment does not hold a job in the national interest, or that an applicant for III–A hardship deferment has not demonstrated that his family is dependent upon him.

7. Justice Harlan's disagreement with the majority opinions in both *Oestereich* and *Breen* was that they required this judgment of the merits of the challenge. As he pointed out in his concurring opinion

Thus, none of the courts in the cases cited *supra,* footnote 5, found that the nature of the registrant's claim entitled the registrant to pre-induction review under the exception to Section 10(b) (3) and then ruled against that claim on the merits.[8]

This Circuit has demonstrated its adherence to this approach to the Section 10(b) (3) problem in Green v. Local Board No. 87, *supra.* In *Green,* the registrant sought preinduction review of the legality of an Order to Report for Induction, where the registrant had received the Order while several older I-A registrants had not. All relevant facts were undisputed. The only issue was whether the Board had violated the order of call specified by 32 C.F.R. § 1631.7. The court resolved the jurisdictional issue by examining the substance of the registrant's claim to determine whether it had merit under applicable law. After some analysis, it concluded:

"Petitioner Green's allegation that ten older men classified I-A remained on the draft rolls presents no picture of facially unlawful draft board procedures in inducting him as was the case in *Oestereich.*"

419 F.2d at 815. On that basis, the court held that Section 10(b) (3) barred pre-induction review:

"Green's claims do not fall within the limited exception to § 10(b) (3) as enunciated in *Oestereich,. supra,* and as clarified by the companion case of Clark v. Gabriel, *supra.* Mr. Justice Douglas, who wrote for the majority in *Oestereich,* explicated the limits of

that exception in a separate concurring opinion in Clark v. Gabriel:

'But in my view it takes the extreme case where the Board can be said to flout the law, as it did in Oestereich v. Selective Service [System Local] Board., *ante,* p. 233, 89 S.Ct. 414, to warrant pre-induction review of its actions.' 393 U.S. at 260, 89 S.Ct. at 427.

Green makes no such case here. * * "
419 F.2d at 815.

Our inquiry into the Section 10(b) (3) problem in this case therefore leads us necessarily to a consideration of the merits of the petitioner's claim.

Registrant claims entitlement to a I-S student deferment under Section 6(i) (2) because the pre-college enrollment induction Order of August 20, 1969 required ultimately (after postponements) that he report for induction on November 10, 1969, during the current college term.

 The language of Section 6(i) (2) and the policy behind its enactment make it quite clear that this suggested interpretation is inaccurate. The statute gives the registrant the right to deferment until the end of the academic year if, while he is "satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution," his Local Board issues an Order to Report for Induction. As the District of Columbia Circuit has recently observed in Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 at 513 (1969):

"Unlike the II-S, designed to permit education in the national interest, the

---

in *Breen, supra,* 396 U.S. at 468, 90 S. Ct. at 666:
"The Court's opinion here, as in Oestereich v. Selective Service [System Local] Bd., 393 U.S. 233 [89 S.Ct. 414, 21 L.Ed.2d 402] (1968), appears to make the availability of pre-induction review turn on the lawfulness of the draft board's action or, to put in another way, on the certainty with which the reviewing court can determine that the registrant would prevail on the merits if there were such judicial review of his classification."

8. By the same token, a decision based on an analysis of the registrant's substantive claim that the Selective Service System's action is not so "blatantly lawless" as to permit pre-induction judicial intervention might not necessarily operate to bar subsequent challenge in a habeas corpus proceeding or in the context of a criminal prosecution for failure to report for and/or submit to induction. See, *e. g., Vasilj, supra,* n. 5; considered again on appeal from conviction, Vasilj v. United States, 425 F.2d 1134 (9th Cir. 1970).

I-S classification is intended to avoid the hardship and waste of an interrupted academic year. In permitting its student recipient to complete the academic year *in which he received an induction order*, the I-S classification saves him from the loss of academic credit and tuition which would otherwise result from the interruption of his school year." [Emphasis added]

The Second Circuit has also assumed, in recent Section 6(i) (2) cases, that it is the date of the Order's mailing, not the specified Induction date, which determines the availability of that deferment. Marsano v. Laird, 412 F.2d 65, 68 (2d Cir. 1969); Carey v. Local Board No. 2, 412 F.2d 71 (2d Cir. 1969). See also, United States ex rel. Mazenis v. McBee, 435 F.2d 18, 20 (7th Cir. 1970).

Where, as here, the order issues prior to the registrant's enrollment in a college program which might otherwise qualify him for the Section 6(i) (2) deferment, the evil which the statute was designed to circumvent does not exist. In these circumstances, the actual date of induction cannot be characterized as an unforeseeable interruption of the academic year. After the date of the order's mailing the registrant is appropriately forewarned of his impending induction, and in fact may seek further deferment or exemption only for circumstances beyond his control under 32 C.F.R. § 1625.2(b). If he then chooses to enter college he does so at his peril, and may not avail himself of the Section 6(i) (2) end-of-the-academic-year deferment.

Our decision tracks with the reasoning of the court in Peller v. Selective Service Local Board No. 65, 313 F.Supp. 100 (N.D.Ind.1970), which held that the section 6(i) (2) deferment is available only where the order is received during the school year. The *Peller* court rejected an argument identical in substance to the one advanced by the registrant in this case:

"The interpretation suggested by plaintiff would create a serious administrative burden for the Selective Service System. It would place an immense premium on stalling tactics for anyone who receives his induction order during the summer. Even a dropout could gain a year's reprieve if he could stave off the actual day of induction until he was able to re-enter classes somewhere. The possibilities for fraud are obvious; and even in the absence of fraud, the inevitable flood of postponement requests could impose an intolerable burden on the system."

313 F.Supp. at 104.

■ On the basis of the foregoing, it is perfectly clear that the registrant has not demonstrated a "blatantly lawless" action on the part of his Local Board in its denial of his requested I-S Section 6(i) (2) deferment. The District Court was therefore without jurisdiction by operation of Section 10(b) (3) and should have dismissed the complaint. We reverse the judgment of the District Court and instruct that it dismiss the case. The Induction Order of August 20, 1969 is therefore reinstated and its previous cancellation revoked.