**Jeffrey Davis BLAKELY, Plaintiff-Appellant,**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 143, Defendant-Appellee.**

No. 71–1087

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1972.

---

* ▇ Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Hal H. McCaghren, West Palm Beach, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Robert Silverstein, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant Jeffrey Davis Blakely brings this appeal from an order dismissing this petition for mandamus and injunction under the Selective Service Act, 50 U.S.C. App. § 451, et seq. He alleged in the court below that he was entitled to a III–A classification as the head of a family, being the sole support of his wife and child.

The case was submitted upon stipulated facts. Briefly, the sequence of events leading up to this action was as follows:

(1) Beginning in January 1965, Blakely was classified II–S while attending a junior college. He was reclassified I–A on certain occasions, but continued to be placed back in a II–S category during his studies. In December 1967, Blakely executed a request for a II–S undergraduate deferment under § 6(h) (1) of the Military Selective Service Act of 1967, which included the following waiver:

"* * * No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, * * * except for extreme hardship to dependents (under regulations governing hard-

ship deferments), or for graduate study, occupation, or employment necessary to the maintenance of the national health, safety, or interest. * * * "

Blakely received this II–S undergraduate deferment while a student at Florida Atlantic University.

(2) Appellant married in July of 1968, and after receipt of his baccalaureate degree, he was classified I–A on January 28, 1969.

(3) On January 30, 1969, Blakely received his notice to report for induction on February 13, 1969. He submitted a dependency questionnaire to the local board showing that he was married and that his wife was pregnant and requested a reopening and reclassification. The local board denied his request and an appeal board affirmed and continued the registrant's I–A classification.

(4) On April 28, 1969, Blakely was again ordered to report for induction, but the board postponed this action until July to allow him to complete a teaching contract.

(5) On June 4, 1969, Blakely's son was born and the board was notified. However, his July induction date was again postponed to October because of his grandmother's illness.

(6) Beginning in September 1969, there was another flood of letters and appeals. In October, the board reviewed Blakely's file and obtained information from the local welfare department relating to the dependency of his wife and child. The board advised Blakely that he had not presented facts warranting a reopening of his classification. He was ordered to report for induction on December 2, 1969.

(7) On November 28, 1969, this suit was filed in the district court and Blakely did not report for induction.

The district court held that appellant Blakely was not entitled to the III–A fatherhood or dependency classification and ordered that his complaint be dismissed.[1]

The district court, under the circumstances presented to it below, could have declined jurisdiction of this action under the terms of § 10(b) (3) of the Military Selective Service Act, 50 U.S.C. App. § 460(b) (3).[2] Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir., 1970); Davis v. Members of Selective Service Board No. 30 of Texas, 433 F.2d 736 (5th Cir., 1970). Blakely was afforded his full procedural rights and there is no indication whatsoever of blatant lawlessness,

1. The district court gave the following explanation for his decision:
"* * * The deferment is provided by 32 CFR § 1622.30(a), which states in part as follows:
"(a) In Class III–A shall be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home . . . except that a registrant who is classified in Class II–S after the date of enactment of the Military Selective Service Act of 1967 *shall not* be eligible for classification in Class III–A under the provisions of this paragraph. (Emphasis added.)
"The Military Selective Service Act of 1967 was enacted June 30, 1967. On March 26, 1968, Blakely was classified II–S, as an Undergraduate Student, in which classification he remained until January 28, 1969. Demonstrably, Blakely is not entitled to the III–A father-

hood, or dependency classification, because he was classified II–S after the date of enactment of the Military Selective Service Act of 1967.
"While it is true that 32 CFR § 1622.-30(b) provides a different type of deferment for registrants whose induction would result in *extreme hardship* to a wife or child, without any exception for those having previously held a student deferment, Blakely has not presented such a claim in this case."

2. § 460(b) (3) states in pertinent part that: "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction."

punitive action, or a clear departure from a statutory mandate on the part of the local board. Oestereich v. Selective Service Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

■ The issue of jurisdiction to challenge the board's action in classification or processing of a registrant prior to induction is interwined with the merits of the controversy. Edwards v. Selective Service Local Board No. 111, supra; Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir., 1971).

■ The court below did look to the merits of the case and determined that Blakely, having received a II–S undergraduate deferment after June 30, 1967, the date of enactment of the Military Selective Service Act of 1967, was not entitled to the III–A fatherhood or dependency classification.

This court has established that a registrant previously the beneficiary of a II–S undergraduate student deferment would not be entitled to a III–A classification under 32 CFR 1622.30(a). Pasquier v. Tarr, 444 F.2d 116 (5th Cir., 1971). See also Gregory v. Tarr, 436 F.2d 513, 516 (6th Cir., 1971).

■ Appellant also urges in his brief that the board erred in failing to reopen his classification and grant a hardship deferment in view of certain changed conditions, including the birth of his child and the burden of being sole support to his family. However, the board was justified in finding that the information submitted by Blakely did not require reopening after an induction order had been issued, since he failed to show a change in status after issuance of an induction order due to circumstances beyond his control. 32 CFR § 1625.2. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). Even if appellant's child had been conceived after the mailing of his induction order, it would not be a circumstance over which the registrant had no control. See United States v. Jenson, 450 F.2d 1258, 1264 (9th Cir., 1971).

The district court properly denied pre-induction relief and its judgment is affirmed.