UNITED STATES of America,
Appellee,

v.

Thomas Courtney COOK,
Appellant.

No. 226, Docket 74–1729.

United States Court of Appeals,
Second Circuit.

Argued Sept. 11, 1974.

Decided Oct. 8, 1974.

Brian F. Mumford, Asst. U. S. Atty., Albany, N. Y. (James M. Sullivan, Jr., U. S. Atty., Albany, N. Y., on the brief), for appellee.

Steven Delibert, New York Civil Liberties Union, New York City, for appellant.

Before SMITH, TIMBERS and GURFEIN,* Circuit Judges.

PER CURIAM:

Thomas Courtney Cook appeals from a judgment entered May 20, 1974 after a bench trial in the Northern District of New York, James T. Foley, *Chief Judge*, convicting him of failure to report for induction in the armed forces of the United States, in violation of Section 12(a) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a) (1970). He was adjudged a Young Adult Offender, 18 U.S.C. § 4209 (1970); imposition of a prison sentence was suspended; and he was placed on probation for a period of two years, 18 U.S.C. § 5010(a), with the special condition that he perform work contributing to the national interest during his probation.

█ The only issue open to us on this appeal[1] is the correctness of Judge Foley's holding that a I–S(C) deferment terminates on completion of a registrant's actual course of study for the

school year, rather than 12 months from the date the registrant begins his course of study as claimed by appellant.

█ We agree with Judge Foley's interpretation of "academic year"[2] since the purpose of a I–S(C) deferment is fully served on completion of the actual course of study for the school year. We assumed that to be the proper interpretation in United States ex rel. Vacca v. Commanding Officer, 446 F.2d 1079, 1083 (2 Cir. 1971). We see no reason for departing from that view here. See McLain v. Local Board 47, 439 F.2d 737, 741–42 (8 Cir. 1971); Nestor v. Hershey, 425 F.2d 504, 512–13 (D.C.Cir. 1969); Marowitz v. Local Board 12 (N.D.N.Y.1973); Peller v. Local Board 65, 313 F.Supp. 100, 103–04 (N.D.Ind. 1970). To the extent that Walsh v. Local Board 10, 305 F.Supp. 1274 (S.D. N.Y.1969), construed "academic year" to mean the 12 month period following the beginning of the registrant's course of study, we disapprove that construction.

█ In the instant case, appellant's induction order was mailed to him on August 24, 1970, some two months after the end of his academic year in June, but was returned by appellant to the local board on September 15. Judge Foley found that the government had proven beyond a reasonable doubt all the requisite elements of a knowing and wilful refusal to report for induction as required by law. We agree.

We affirm on the well reasoned opinions of Judge Foley, reported at 383 F.Supp. 353 (N.D.N.Y.1974).

Affirmed.

---

* At the time of oral argument, Judge Gurfein was a District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. Appellant's argument that, as a Mohawk Indian and as such a member of the Six Nations of Indians (although born in Hanover, New Hampshire, the son of a United States citizen), he is exempt from service under the Military Selective Service Act of 1967, is foreclosed by our decision in

Ex parte Green, 123 F.2d 862 (2 Cir. 1941), cert. denied, 316 U.S. 668 (1942), to which we continue to adhere.

2. Referring to "academic year" as used in Section 6(i)(2) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456 (i)(2) (1970), and the then applicable regulation, 32 C.F.R. § 1622.15(b) (1970), the regulation having since been repealed. 36 Fed.Reg. 23376 (1971).